1

2

THE HONORABLE RICARDO S. MARTINEZ

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

JAMES GINZKEY, RICHARD
FITZGERALD, CHARLES CERF, BARRY
DONNER, and on behalf of the class members
described below,

11

12

Plaintiffs,

13

v.

14

15

NATIONAL SECURITIES CORPORATION,
a Washington Corporation,

16

Defendant.

17

Case No.: 2:18-cv-01773-RSM

**DEFENDANT NATIONAL
SECURITIES CORPORATION'S
ANSWER TO PLAINTIFFS'
COMPLAINT-CLASS ACTION**

18

19

20

21

22

23

24

25

26

27

Defendant National Securities Corporation ("Defendant" or "NSC"), by and through its

undersigned attorneys submits the following Answer to Plaintiffs' Complaint.  Except to the extent

expressly admitted below, Defendant generally denies each and every allegation contained in the

Complaint, each and every purported cause of action in it, and further denies that Plaintiffs have

been damaged in the manner alleged.  Defendant denies the allegations in Plaintiffs' unnumbered

introductory paragraph.  Because the headings in the Complaint are not allegations, Defendant

does not respond to them.  To the extent a response to the headings is necessary, Defendant denies

the allegations contained in any headings.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT
Case No.: 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

## I.   NATURE OF THE ACTION

1.      In response to paragraph 1 of the Complaint, Defendant admits that Beamreach was a California-based company that held itself out as providing one of the world's best combination of high performance and low-cost solar energy production for the residential and commercial solar markets.  Defendant denies the remaining allegations therein.

2.      In response to paragraph 2 of the Complaint, Defendant admits that Beamreach was founded in 2007.  Defendant denies all remaining allegations therein.

3.      In response to paragraph 3 of the Complaint, Defendant admits the allegations in the first sentence. In response to the second sentence, Defendant admits that some Plaintiffs purchased securities in the Series D round consisting of preferred stock, which Beamreach started offering in February 2015.  In response to the third sentence, a secondary offering occurred starting in September 2016.  This was a Series D-1 equity offering that was later switched to a convertible promissory note offering in November 2016.  The terms of those offerings are contained in Private Placement Memoranda that speak for themselves.  Defendant denies the remaining allegations therein.

4.      In response to paragraph 4 of the Complaint, Defendant admits that its investors invested approximately $34.5 million in Beamreach.  Defendant denies all remaining allegations therein.

5.      In response to paragraph 5 of the Complaint, Defendant admits that Plaintiffs were clients of NSC.  The remaining allegations are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations.

6.      In response to paragraph 6 of the Complaint, Defendant denies the allegations therein.

7.      In response to paragraph 7 of the Complaint, Defendant denies the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 2
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

## II.   JURISDICTION AND VENUE

8.     In response to paragraph 8 of the Complaint, Defendant admits the allegations therein.

9.     In response to paragraph 9 of the Complaint, Defendant admits the allegations therein.

10.    In response to paragraph 10 of the Complaint, Defendant lacks information regarding Plaintiffs' citizenship. NSC admits that it is a citizen of Washington State.

11.    In response to paragraph 11 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

12.    In response to paragraph 12 of the Complaint, Defendant admits the allegations therein.

## III.   PARTIES AND RELEVENT ENTITIES

13.    In response to paragraph 13 of the Complaint, Defendant admits that Ginzkey purchased interests in Beamreach from NSC during the relevant time periods.  Defendant lacks information regarding Ginzkey's citizenship and domicile.

14.    In response to paragraph 14 of the Complaint, Defendant admits that Fitzgerald purchased interests in Beamreach from NSC during the relevant time periods.  Defendant lacks information regarding Fitzgerald's citizenship and domicile.

15.    In response to paragraph 15 of the Complaint, Defendant admits that Cerf purchased interests in Beamreach from NSC during the relevant time periods.  Defendant lacks information regarding Cerf's citizenship and domicile.

16.    In response to paragraph 16 of the Complaint, Defendant admits that Donner purchased interests in Beamreach from NSC during the relevant time periods.  Defendant lacks information regarding Cerf's citizenship and domicile.

17.    In response to paragraph 17 of the Complaint, Defendant admits the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 3
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

18.     In response to paragraph 18 of the Complaint, Defendant admits the allegations in the first sentence and denies all remaining allegations therein.

## IV.   ALLEGATIONS COMMON TO ALL COUNTS

19.     In response to paragraph 19 of the Complaint, Defendant admits that Beamreach Solar, Inc. (f/k/a Solexel, Inc.) was incorporated in 2007.  Defendant lacks information regarding the remaining allegations therein and therefore denies same.

20.     In response to paragraph 20 of the Complaint, Defendant admits that Beamreach did not meet a sales projection or quota from February 2015 to February 2017.  Defendant denies the remaining allegations therein.

21.     In response to paragraph 21 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

22.     In response to paragraph 22 of the Complaint, Defendant lacks information regarding whether Beamreach received $17 million in grants from the Department of Energy and therefore denies that allegation.  Defendant denies the remaining allegations therein.

23.     In response to paragraph 23 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

24.     In response to paragraph 24 of the Complaint, Defendant admits that Beamreach borrowed tens of millions of dollars by December 2014 and denies the remaining allegations therein.

25.     In response to paragraph 25 of the Complaint, Defendant admits that Beamreach and Opus Bank reached a debt financing agreement in or around December 2014 that was at approximately 8% interest.  The terms of that agreement speak for themselves.

26.     In response to paragraph 26 of the Complaint, Defendant denies the allegations therein.

27.     In response to paragraph 27 of the Complaint, Defendant denies the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 4
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

28.     In response to paragraph 28 of the Complaint, Defendant denies the allegations therein.

29.     In response to paragraph 29 of the Complaint, Defendant denies that the monthly payments for the lease were "extremely high" and admits the remaining allegations therein.

30.     In response to paragraph 30 of the Complaint, Defendant denies the allegations therein.

31.     In response to paragraph 31 of the Complaint, Defendant admits the allegations therein.

32.     In response to paragraph 32 of the Complaint, Defendant admits the allegations therein.

33.     In response to paragraph 33 of the Complaint, Defendant denies the allegations therein.

34.     In response to paragraph 34 of the Complaint, Defendant admits the allegations therein.

35.     In response to paragraph 35 of the Complaint, Defendant admits that by June 2016, Beamreach's expenses were approximately $3.2 million per month and had lost approximately $48 million in 2015 and lost approximately $12 million in the first six months of 2016.  Defendant denies the remaining allegations therein.

36.     In response to paragraph 36 of the Complaint, Defendant admits that Beamreach announced a reduction in its workforce in June 2016.  Defendant denies the remaining allegations therein.

37.     In response to paragraph 37 of the Complaint, Defendant denies the allegations therein.

38.     In response to paragraph 38 of the Complaint, Defendant admits the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 5
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

39.     In response to paragraph 39 of the Complaint, Defendant denies the allegations therein.

40.     In response to paragraph 40 of the Complaint, Defendant admits that as of February 10, 2016, approximately $100 million of the $138 million was sold out.  Defendant denies the remaining allegations therein.

41.     In response to paragraph 41 of the Complaint, Defendant admits that the stock sold in the Series D Offering was offered at a value of $1.4994 per share and Beamreach's valuation was set at $250 million.  Defendant denies the remaining allegations therein.

42.     In response to paragraph 42 of the Complaint, Defendant denies the allegations therein.

43.     In response to paragraph 43 of the Complaint, Defendant admits that Beamreach needed additional financing after the Series D Offering.  Defendant denies the remaining allegations therein.

44.     In response to paragraph 44 of the Complaint, Defendant admits that in September 2016, Beamreach offered the Series D-1 Offering.  The terms of that Offering are contained in a Confidential Private Placement Memorandum that speaks for itself.  Defendant denies the remaining allegations therein.

45.     In response to paragraph 45 of the Complaint, Defendant admits that Beamreach amended the D-1 Offering to substitute preferred stock for a convertible secured promissory note.  The terms of that note offering are contained in a November 14, 2016 Supplement to Beamreach Solar, Inc. Confidential Private Placement Memorandum and accompanying transaction documents that speaks for themselves.  Defendant denies all remaining allegations therein.

46.     In response to paragraph 46 of the Complaint, Defendant admits that the offering of promissory notes was memorialized by a Form D filed with the SEC.  This new Form D disclosed a debt offering for Beamreach in the amount of $16.2 million of which approximately $8 million remained to be sold.  Defendant denies the remaining allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 6
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

47.     In response to paragraph 47 of the Complaint, Defendant admits that Beamreach filed for Chapter 7 bankruptcy on or around February 9, 2017.  Beamreach's bankruptcy filings speak for themselves.  Defendant denies the remaining allegations therein.

48.     In response to paragraph 48 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

49.     In response to paragraph 49 of the Complaint, Defendant admits that Beamreach did not file Chapter 11 bankruptcy.  Defendant denies the remaining allegations therein.

50.     In response to paragraph 50 of the Complaint, Defendant denies the allegations therein.

51.     In response to paragraph 51 of the Complaint, Defendant denies the allegations therein.

52.     In response to paragraph 52 of the Complaint, the allegations therein are a legal conclusion requiring no response.  Rule 506 of Regulation D under the 1933 Act speaks for itself.  To the extent a response is required, Defendant denies the allegations therein.

53.     In response to paragraph 53 of the Complaint, Defendant admits the allegations therein.

54.     In response to paragraph 54 of the Complaint, Defendant denies the allegations therein.

55.     In response to paragraph 55 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

56.     In response to paragraph 56 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

57.     In response to paragraph 57 of the Complaint, Defendant admits the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 7
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

58.     In response to paragraph 58 of the Complaint, the allegations therein are a legal conclusion requiring no response.  The rule and notices referenced therein speak for themselves. To the extent a response is required, Defendant denies the allegations therein.

59.     In response to paragraph 59 of the Complaint, Defendant admits that it has a manual that details the requirement to perform due diligence when selling private placements.

60.     In response to paragraph 60 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

61.     In response to paragraph 61 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

62.     In response to paragraph 62 of the Complaint, FINRA's guidance speaks for itself. To the extent a response is required, Defendant denies the allegations therein.

63.     In response to paragraph 63 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

64.     In response to paragraph 64 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

65.     In response to paragraph 65 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

66.     In response to paragraph 66 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 8
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

67.     In response to paragraph 67 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

68.     In response to paragraph 68 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

69.     In response to paragraph 69 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

70.     In response to paragraph 70 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

71.     In response to paragraph 71 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

72.     In response to paragraph 72 of the Complaint, Defendant denies the allegations therein.

73.     In response to paragraph 73 of the Complaint, Defendant denies the allegations therein.

74.     In response to paragraph 74 of the Complaint, Defendant admits that as of February 6, 2015, Defendant knew that Beamreach had cash on hand to continue operations through approximately April 2016 with a fully subscribed Series D Offering.  Defendant denies the remaining allegations therein.

75.     In response to paragraph 75 of the Complaint, Beamreach's valuations are contained in the offering documents that speak for themselves.  Defendant denies the remaining allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 9
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

76.     In response to paragraph 76 of the Complaint, Defendant admits that as of the beginning date of the Series D Offering, it knew that Beamreach had no revenue and that Beamreach had Memoranda of Understanding with prospective customers, which had expired on December 31, 2014.  Defendant denies the remaining allegations therein.

77.     In response to paragraph 77 of the Complaint, Defendant denies the allegations therein.

78.     In response to paragraph 78 of the Complaint, Defendant denies the allegations therein.

79.     In response to paragraph 79 of the Complaint, Defendant admits the allegations therein.

80.     In response to paragraph 80 of the Complaint, Defendant denies the allegations therein.

81.     In response to paragraph 81 of the Complaint, Defendant denies the allegations therein.

82.     In response to paragraph 82 of the Complaint, Defendant denies the allegations therein.

83.     In response to paragraph 83 of the Complaint, Defendant admits that Beamreach agreed to a financing deal with Opus Bank in or around December 2014. Defendant denies the remaining allegations therein.

84.      In response to paragraph 84 of the Complaint, Defendant admits that Beamreach agreed to a financing deal with Opus Bank for debt financing.  The terms of that agreement speak for themselves.  Defendant denies the remaining allegations therein.

85.     In response to paragraph 85 of the Complaint, Defendant admits the allegations in subparts (a) and (b).  Defendant denies the remaining allegations therein.

86.     In response to paragraph 86 of the Complaint, Defendant denies the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 10
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

87.   In response to paragraph 87 of the Complaint, Defendant denies the allegations therein.

88.   In response to paragraph 88 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

89.   In response to paragraph 89 of the Complaint, Defendant denies the allegations therein.

90.   In response to paragraph 90 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

91.   In response to paragraph 91 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

92.   In response to paragraph 92 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

93.   In response to paragraph 93 of the Complaint, Defendant denies the allegations therein.

94.   In response to paragraph 94 of the Complaint, Defendant admits that while it was engaged with Beamreach, Beamreach did not have cash reserves exceeding 15 months and would require additional sources of funds thereafter.  Defendant denies the remaining allegations therein.

95.   In response to paragraph 95 of the Complaint, Defendant denies the allegations therein.

96.   In response to paragraph 96 of the Complaint, Defendant denies the allegations therein.

97.   In response to paragraph 97 of the Complaint, the terms of the Fifth Amendment to the Opus Bank agreement speaks for themselves. Defendant denies the remaining allegations.

98.   In response to paragraph 98 of the Complaint, Defendant admits the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 11
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

99.     In response to paragraph 99 of the Complaint, Defendant denies the allegations therein.

100.    In response to paragraph 100 of the Complaint, Defendant denies the allegations therein.

101.    In response to paragraph 101 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

102.    In response to paragraph 102 of the Complaint, Defendant admits that by November 2016, Defendant knew that Beamreach required additional sources of funds and would be forced to sell the company or refinance the Opus loan by March 31, 2017. Defendant denies the remaining allegations therein.

103.    In response to paragraph 103 of the Complaint, Defendant denies the allegations therein.

104.    In response to paragraph 104 of the Complaint, Defendant denies the allegations therein.

105.    In response to paragraph 105 of the Complaint, Defendant denies the allegations therein.

106.    In response to paragraph 106 of the Complaint, Defendant denies the allegations therein.

107.    In response to paragraph 107 of the Complaint, Defendant denies the allegations therein.

108.    In response to paragraph 108 of the Complaint, Defendant denies the allegations therein.

109.    In response to paragraph 109 of the Complaint, Defendant denies the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 12
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

1
2
3

110.    In response to paragraph 110 of the Complaint, Defendant admits that Beamreach filed for Chapter 7 bankruptcy protection in or around February 2017.  Defendant denies the remaining allegations therein.

4
5

111.    In response to paragraph 111 of the Complaint, Defendant admits that Plaintiffs were clients of Defendant.  Defendant denies the remaining allegations therein.

6
7

112.    In response to paragraph 112 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

8
9

113.    In response to paragraph 113 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

10
11

114.    In response to paragraph 114 of the Complaint, Defendant denies the allegations therein.

12
13

115.    In response to paragraph 115 of the Complaint, Defendant denies the allegations therein.

14
15

116.    In response to paragraph 116 of the Complaint, Defendant admits that Plaintiffs invested in Beamreach.  Defendant denies the remaining allegations therein.

16
17

117.    In response to paragraph 117 of the Complaint, Defendant denies the allegations therein.

18
19
20

118.    In response to paragraph 118 of the Complaint, Defendant admits that on or about November 15, 2016, Ginzkey invested $89,214.75 in a Beamreach note offering.  Defendant denies the remaining allegations therein.

21
22

119.    In response to paragraph 119 of the Complaint, Defendant denies the allegations therein.

23
24
25

120.    In response to paragraph 120 of the Complaint, Defendant admits that Fitzgerald invested $12,745 in a Beamreach note offering.  Defendant denies the remaining allegations therein.

26
27

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 13
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

1

2

121.     In response to paragraph 121 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

3

4

5

122.     In response to paragraph 122 of the Complaint, Defendant admits that on or about April 10, 2019, Donner invested $149,940 in the Beamreach Series D offering.  Defendant denies the remaining allegations therein.

6

7

8

123.     In response to paragraph 123 of the Complaint, Defendant admits that on or about October 20, 2016, Donner invested $100,459 in a Beamreach note offering.  Defendant denies the remaining allegations therein.

9

10

11

124.     In response to paragraph 124 of the Complaint, Defendant admits that Plaintiffs purport to bring this action as a class action but denies that the Court should certify a class or subclasses.  Defendant denies the remaining allegations therein.

12

13

125.     In response to paragraph 125 of the Complaint, Defendant denies the allegations therein.

14

15

126.     In response to paragraph 126 of the Complaint, Defendant denies the allegations therein.

16

17

127.     In response to paragraph 127 of the Complaint, Defendant denies the allegations therein.

18

19

128.     In response to paragraph 128 of the Complaint, Defendant lacks information regarding the allegations therein and therefore denies same.

20

21

129.     In response to paragraph 129 of the Complaint, Defendant denies the allegations therein.

22

23

130.     In response to paragraph 130 of the Complaint, Defendant denies the allegations therein.

24

25

26

27

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 14
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## V.    CLAIMS

**COUNT I**

*Donner, Cerf, and Fitzgerald and Series D Sub Class v. NSC*
**NEGLIGENCE**

131.    In response to paragraph 131 of the Complaint, Defendant restates its answers to paragraphs 1 through 130 of the Complaint as if fully set forth herein.

132.    In response to paragraph 132 of the Complaint, the allegations therein are a legal conclusion requiring no response.   To the extent a response is required, Defendant denies the allegations therein.

133.    In response to paragraph 133 of the Complaint, Defendant admits that it has a manual that provides guidelines and obligations applicable to NSC in connection with acting as a placement agent and in performing due diligence on private placement offerings.

134.    In response to paragraph 134 of the Complaint, the allegations therein are a legal conclusion requiring no response.   To the extent a response is required, Defendant denies the allegations therein.

135.    In response to paragraph 135 of the Complaint, Defendant denies the allegations therein.

136.    In response to paragraph 136 of the Complaint, Defendant denies the allegations therein.

137.    In response to paragraph 137 of the Complaint, Defendant denies the allegations therein.

138.    In response to paragraph 138 of the Complaint, Defendant admits it had a reasonable basis to conclude that Beamreach was a suitable investment for investors and that it had conducted adequate due diligence and adequately disclosed the risks and rewards of the Beamreach offering.   Defendant denies the remaining allegations therein.

139.    In response to paragraph 139 of the Complaint, Defendant denies the allegations therein.

---

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 15
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

140.    In response to paragraph 140 of the Complaint, Defendant denies the allegations therein.

141.    In response to paragraph 141 of the Complaint, Defendant denies the allegations therein.

142.    In response to paragraph 142 of the Complaint, Defendant denies the allegations therein.

### COUNT II
### *Donner and Series D-1 Class v. NSC*
### NEGLIGENCE

143.    In response to paragraph 143 of the Complaint, Defendant restates its answers to Paragraphs 1 through 129 of the Complaint as if fully set forth herein.

144.    In response to paragraph 144 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

145.    In response to paragraph 145 of the Complaint, Defendant denies the allegations therein.

146.    In response to paragraph 146 of the Complaint, the allegations therein are a legal conclusion requiring no response.  To the extent a response is required, Defendant denies the allegations therein.

147.    In response to paragraph 147 of the Complaint, Defendant denies the allegations therein.

148.    In response to paragraph 148 of the Complaint, Defendant denies the allegations therein.

149.    In response to paragraph 149 of the Complaint, Defendant denies the allegations therein.

150.    In response to paragraph 150 of the Complaint, Defendant admits it had a reasonable basis to conclude that Beamreach was a suitable investment for investors and that it

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 16
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

had conducted adequate due diligence and adequately disclosed the risks and rewards of the Beamreach offering.   Defendant denies the remaining allegations therein.

151.    In response to paragraph 151 of the Complaint, Defendant denies the allegations therein.

152.    In response to paragraph 152 of the Complaint, Defendant denies the allegations therein.

153.    In response to paragraph 153 of the Complaint, Defendant denies the allegations therein.

154.    In response to paragraph 154 of the Complaint, Defendant denies the allegations therein.

### COUNT III
### *Ginzkey and Fitzgerald Series D-2 Sub Class v. NSC*
### NEGLIGENCE

155.    In response to paragraph 155 of the Complaint, Defendant restates its answers to paragraphs 1 through 129 of the Complaint as if fully set forth herein.

156.    In responses to paragraph 156 of the Complaint, the allegations therein are a legal conclusion requiring no response.   To the extent a response is required, Defendant denies the allegations therein.

157.    In response to paragraph 157 of the Complaint, Defendant denies the allegations therein.

158.    In response to paragraph 158 of the Complaint, the allegations therein are a legal conclusion requiring no response.   To the extent a response is required, Defendant denies the allegations therein.

159.    In response to paragraph 159 of the Complaint, Defendant denies the allegations therein.

160.    In response to paragraph 160 of the Complaint, Defendant denies the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 17
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

161.     In response to paragraph 161 of the Complaint, Defendant denies the allegations therein.

162.     In response to paragraph 162 of the Complaint, Defendant admits it had a reasonable basis to conclude that Beamreach was a suitable investment for investors and that it had conducted adequate due diligence and adequately disclosed the risks and rewards of the Beamreach offering.   Defendant denies the remaining allegations therein.

163.     In response to paragraph 163 of the Complaint, Defendant denies the allegations therein.

164.     In response to paragraph 164 of the Complaint, Defendant denies the allegations therein.

165.     In response to paragraph 165 of the Complaint, Defendant denies the allegations therein.

166.     In response to paragraph 166 of the Complaint, Defendant denies the allegations therein.

**COUNT IV**
*Donner, Fitzgerald, Ginzkey, Cerf and Beamreach Class v. NSC*
**UNJUST ENRICHMENT**

167.     In response to paragraph 167 of the Complaint, Defendant restates its answers to paragraphs 1 through 130 of the Complaint as if fully set forth herein.

168.     In response to paragraph 168 of the Complaint, Defendant denies the allegations therein.

169.     In response to paragraph 169 of the Complaint, Defendant denies the allegations therein.

170.     In response to paragraph 170 of the Complaint, Defendant denies the allegations therein.

171.     In response to paragraph 171 of the Complaint, Defendant denies the allegations therein.

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 18
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

1

2

172.    In response to paragraph 172 of the Complaint, Defendant denies the allegations therein.

3

4

173.    In response to paragraph 173 of the Complaint, Defendant denies the allegations therein.

5

6

174.    In response to paragraph 174 of the Complaint, Defendant denies the allegations therein.

7

## **AFFIRMATIVE DEFENSES**

8

Defendant asserts the following affirmative defenses:

9

1.    Plaintiffs have failed to state a claim;

10

11

12

13

2.    The action is not a proper class.  Specifically, Plaintiffs are not adequate representatives of any purported class; their claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest;

14

15

3.    Any acts and/or omissions alleged on the part of Defendant were not the factual, legal, or proximate cause of Plaintiffs' alleged injuries and damages, if any;

16

17

4.    Plaintiffs' causes of action are barred, in whole or in part, by the doctrines of estoppel, waiver, release, laches, or consent;

18

5.    Plaintiffs' causes or action are barred, in whole or in part, due to assumption of risk;

19

20

21

22

6.    Plaintiffs' alleged injuries and damages, if any, were directly caused in full or in part by Plaintiffs' own negligence, and/or that of a third party for which Defendant bears no responsibility, including Beamreach.  As a result, Defendant's percentage of negligence, fault, and/or liability, if any, is comparatively reduced;

23

24

25

7.    Plaintiffs' alleged injuries and damages, if any, were the result of a supervening and/or intervening causes, which actions bar, preclude and/or diminish Plaintiffs' recovery against Defendant;

26

8.    Defendant's actions were in good faith;

27

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 19
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

1    9.    Plaintiffs' damages, if any, should be reduced to the extent they failed to mitigate

2    damages;

3    10.    Plaintiffs' claims are barred due to unclean hands;

4    11.    Plaintiffs' unjust enrichment claims fail because the parties had a written contract

5    (broker agreement), which Defendant complied with;

6    12.    Defendant fully and adequately disclosed the risks and rewards of the Beamreach

7    investment; and

8    13.    Plaintiffs' claims are barred to the extent they are not the real party in interest.

9    Defendant reserves its right to amend or supplement this Answer with additional affirmative

10   defenses.

11                                **<u>PRAYER FOR RELIEF</u>**

12   WHEREFORE, Defendant prays for relief as follows:

13   1.    That the Complaint be dismissed with prejudice;

14   2.    That Plaintiffs take nothing by way of the Complaint;

15   3.    That Plaintiffs' prayer for relief be denied;

16   4.    That judgment be entered in favor of Defendant and against Plaintiffs;

17   5.    For costs of suit incurred herein, including attorney fees and expenses; and

18   6.    For such other and further relief as the Court deems just and proper.

19

20

21

22

23

24

25

26

27

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 20
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

1  DATED this 20th day of June, 2019.

2                                          Respectfully submitted,

3                                          **BAKER & HOSTETLER LLP**

4

5                                          *s/ Douglas W. Greene*
                                           *s/ James R. Morrison*
6                                          Douglas W. Greene, WSBA #22844
                                           James R. Morrison, WSBA #43043
7                                          999 Third Avenue, Suite 3600
                                           Seattle, Washington 98104
8                                          Tel: (206) 332-1380
                                           Fax: (206) 624-7317
9                                          Email: dgreene@bakerlaw.com
                                           Email: jmorrison@bakerlaw.com
10

11                                         *s/ Daniel J. Buzzetta*
                                           Daniel J. Buzzetta (*pro hac vice*)
12                                         45 Rockefeller Plaza
                                           New York, NY 10111
13                                         Tel: (212) 589-4236
                                           Fax: (212) 589-4201
14                                         Email: dbuzzetta@bakerlaw.com
15

16                                         *Attorneys for Defendant*
                                           *National Securities Corporation*
17

18

19

20

21

22

23

24

25

26

27

---

DEFENDANT'S ANSWER TO                          BAKER & HOSTETLER LLP
PLAINTIFFS' COMPLAINT - 21                     999 Third Avenue, Suite 3600
Case No. 2:18-CV-1773                          Seattle, WA 98104-4040
                                               Telephone:  (206) 332-1380

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on June 20, 2019, I electronically filed the foregoing DEFENDANT

3

NATIONAL SECURITIES CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT

4

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

5

to the following:

6

David P. Neuman, WSBA #48176

7

Israels Neuman PLC
10900 NE 8th Street, Suite 100

8

PMB #155
Bellevue, Washington 98004

9

Tel: (206) 795-5798
Email: dave@israelsneuman.com

10

11

Alexander N. Loftus, *pro hac vice pending*
Joseph Wojciechowski, *pro hac vice pending*

12

Jeffrey Dorman, Esq., *pro hac vice pending*
Ryan Moore, Esq., *pro hac vice pending*

13

Stoltmann Law Offices
233 S. Wacker, 84th Floor

14

Chicago, IL 60606

15

Tel: (312) 332-4200
Email: alex@stoltlaw.com

16

joe@stoltlaw.com
jeff@stoltlaw.com

17

ryan@stoltlaw.com

18

Joshua B. Kons, Esq.

19

Law Offices of Joshua B. Kons, LLC
939 West North Avenue, Suite 750

20

Chicago, IL 60642
Tel: (312) 757-2272

21

joshuakons@konslaw.com

22

*Attorneys for Plaintiffs*

23

24

*s/ Serita Smith*
Serita Smith

25

Assistant to Douglas W. Greene
and James R. Morrison

26

27

DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT - 22
Case No. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380