THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES GINSKEY, RICHARD FITZGERALD, CHARLES CERF, BARRY DONNER, and on behalf of the class members described below,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL SECURITIES CORPORATION, a Washington Corporation;<br><br>Defendants. | Case No. 2:18-cv-01773-RSM<br><br>**DEFENDANT NATIONAL SECURITIES CORPORATION'S MOTION TO STAY PROCEEDINGS PENDING APPEAL** |

## I.     INTRODUCTION

Defendant National Securities Corporation ("NSC"), moves this Court to stay this action pending the resolution of NSC's Petition for Permission to Appeal ("Petition") this Court's April 27, 2021 Order, which granted Plaintiffs' Motion for Class Certification (hereafter, the "Order") Dkt. #66. Defendant's Petition asks the Court of Appeals to resolve important legal questions raised by the Order. If the Court of Appeals answers those questions in NSC's favor, this case may not proceed as a class action. Defendant now respectfully requests that this Court stay further proceedings pending final disposition of the Petition and any appeal, if permitted.

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL - 1
Case No. 2:18-cv-1772-RSM

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

## II.   FACTUAL AND PROCEDURAL BACKGROUND

At issue in this case are Plaintiffs' investments in Beamreach Solar[1] ("Beamreach"), through NSC, a FINRA registered brokerage firm. In early 2015, NSC began acting as a placement agent for Beamreach, a solar panel company. Dkt. #62 ¶3. A placement agent's role is to assist a company in raising capital by introducing prospective investors to the company. *Id*. NSC made two private placement offerings on behalf of Beamreach (collectively, the "Beamreach Offerings"). *Id.* Each Beamreach Private Placement Memoranda provided with the Beamreach Offerings contained extensive warnings to investors about the high-risk nature of investing in Beamreach and expressly described the Beamreach investments as having a "<u>high degree of risk</u>." Dkt. #62 Exs. A at NSC000022; B at NSC000406; C at NSC000676 (emphasis added).

The NSC Beamreach Offerings were only made to "a limited group of sophisticated 'accredited investors' within the meaning of Rule 501(a) under the Securities Act of 1933 as amended (the 'Securities Act'), in a private placement designed to be exempt from registration under the Securities Act, and other applicable securities laws." *Id.* Exs. A at NSC000001; B at NSC000383; C at NSC000665. Accordingly, Plaintiffs were all high net worth, experienced investors. Additionally, each investor had a different risk profile that they provided to NSC. *See* Dkt. #63 Exs. 2, 4, 5, 7, 8, 10, 11.

Relying on FINRA's rule requiring brokers to determine whether a security is suitable for sale, Plaintiffs brought state law negligence claims alleging that NSC was negligent by: (1) not

---

[1] Beamreach was previously known as "Solexel."

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL - 2
Case No. 2:18-cv-1772-RSM

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

conducting adequate due diligence on Beamreach; and (2) failing to understand the risks and rewards of the Beamreach offerings or consciously ignoring the risks presented by those red flags. Dkt. #1 ¶¶131-166. Plaintiffs also have made a state law claim for unjust enrichment. Dkt. #1 ¶¶167-174.

On April 27, 2021, this Court certified a Civil Rule 23(b)(3) class and three sub-classes of Beamreach investors who resided in 41 jurisdictions and worked with 27 NSC brokers located in five states. Dkt. #66. The Order requires Plaintiffs to submit to NSC the proposed Notice forms and the Plan for disseminating Notice to the Class and Subclasses. It also requires counsel to confer and submit an agreed Notice and Plan to the Court. On May 11, 2021, NSC filed the attached Petition with the United States Court of Appeals for the Ninth Circuit, asking this Court to grant NSC's leave under Fed. R. Civ. P. 23(f) to immediately appeal the Order. Defendant's Petition is timely under Fed. R. Civ. P. 23(f) (petition must be filed within 14 days after entry of order); *see also Beck v. Boeing Co.*, 320 F.3d 1021, 1023 (9th Cir. 2003).

NSC files this motion and respectfully requests this Court to enter a stay pending resolution by the Ninth Circuit of the Petition and any subsequent appeal. As demonstrated below, a stay is appropriate pending guidance from the Ninth Circuit on how, and if, this case may proceed as a class action. No interest of the parties, class members, the Court, or the public is served by proceeding with class notice and trial preparation given the pending appeal of class certification. To the contrary, to continue proceedings under these circumstances would be inconsistent with the efficient use of the parties' resources and judicial economy.

### III.   LAW AND ARGUMENT

Fed. R. Civ. P. 23(f) does not provide for an automatic stay of proceedings when a petition for permission to appeal is filed; however, a district court has discretion to stay a proceeding.

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL - 3
Case No. 2:18-cv-1772-RSM

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

*Hooper v. City of Seattle*, Case No. C17-77 RSM, 2017 U.S. Dist. LEXIS 209353, at *2 (W.D. Wash. Dec. 20, 2017) (citing *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1180 (9th Cir. 2017)) (Judge R. Martinez granting motion to stay proceedings pending appeal). There are four factors courts consider when considering whether to grant a stay pending appeal: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the moving party will be irreparably injured absent a stay; (3) whether a stay will substantially injure the opposing party; and (4) whether the public interest favors a stay." *B.F. v. Amazon.com Inc.*, Case No. C19-910-RAJ-MLP, 2020 U.S. Dist. LEXIS 115562, at *4-*5 (W.D. Wash. May 15, 2020) (citing *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990); *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L. Ed. 2d 724 (1986)). "'The first two factors . . . are the most critical.'" *B.F.*, 2020 U.S. Dist. LEXIS 115562, at *5 (citing *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L.Ed. 2d 550 (2009)).

**A. Defendant's Petition Raises Substantial Legal Questions**

A party "'must show, at a minimum, that [they have] a substantial case for relief on the merits.'" *B.F.*, 2020 U.S. Dist. LEXIS 115562, at *5 (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011)). If a party is able to show the issue raised on appeal raises a serious legal question and the remaining factors courts consider favor a stay, a party does not need to show that they are more likely than not to win on the merits. *Id.* Defendant includes at least two such questions in its Petition, which raise the issue of whether this Court's grant of class certification was proper in this instance.

    **(i)**    **<u>Defendant Seeks Review Of This Court's Conflicts Of Law Analysis, Which Raises A Serious Legal Question.</u>**

First, NSC seeks review of this Court's conflicts of law analysis. NSC argues in its Petition that this Court did not conduct a rigorous choice of law analysis and committed manifest error by

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL - 4
Case No. 2:18-cv-1772-RSM

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

deciding that either Washington or New York law would apply to all class members despite Beamreach investors residing in 39 states, Washington, D.C., and Switzerland. Dkt. #62 ¶9. In the petition, NSC argues that the choice of law decision was manifestly erroneous because potentially 41 different jurisdictions' laws apply to Plaintiffs' state law claims and this Court did not analyze the conflict of laws issue under constitutional due process or Washington state's "most significant relationship" test for each jurisdiction with an interest in this litigation. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22, 105 S. Ct. 2965, 2979, 86 L. Ed. 2d 628 (1985) (applying forum state law to out-of-state class members must conform with due process); *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 967, 331 P.3d 29, 36 (2014).

There are substantial variations in state negligence and unjust enrichment claims. *See Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 653 (C.D.Cal.1996) ("[N]o matter how similar—or comparable—each state's law on negligence may be, it is clear—despite plaintiffs' argument—that the negligence laws of the fifty states have some differences."). Due to the differences in the laws of each jurisdiction, this Court needed to analyze conflicts of law for each of the 41 jurisdictions with interests in this litigation before determining that Washington or New York law applied to all class members' claims. *See Zinser v. Accufix Research Ins., Inc.*, 253 F.3d 1180, 1188 (9th Cir.), opinion amended on denial of reh'g, 273 F.3d 1266 (9th Cir. 2001)(reversing class certification and refusing to apply single negligence law of state where manufacturer was headquartered to nationwide class). The Court's decision to apply the law of the location of NSC's headquarters was contrary to the Washington State Supreme Court's ruling in *FutureSelect*. *See FutureSelect Portfolio Mgmt.*, 180 Wn.2d at 967 ("Washington has a strong interest in giving Washington investors the benefit of Washington law and in requiring the sellers of securities to comply with

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL - 5
Case No. 2:18-cv-1772-RSM

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

it," recognizing that Washington had a more compelling interest in protecting investors than New York did in regulating its sellers of securities.)

This Court also appears to have accepted Plaintiffs' argument that Washington law would apply here because allegedly "Defendant had previously admitted to the applicability of Washington law." Dkt. #66 at 7:21-23. But in making this argument, Plaintiffs failed to provide this Court with Ninth Circuit controlling law on this issue (*Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1505 (9th Cir. 1995)) and NSC never had the opportunity to respond to this argument Plaintiffs raised on reply. In *Gen. Signal*, this Court recognized under similar circumstances that earlier reliance on a forum's law does not judicially estop a party from later asserting a conflict of law. 66 F.3d at 1505.

Because of the conflicts of law issue, NSC contends it was manifest error to find that the class satisfied the commonality, typicality, predominance, and superiority requirements for certification.

**(ii)  Defendant Seeks Review Of This Court's Analysis Of Whether Common Questions Predominate Over Individualized Issues Of Suitability, Which Raises A Serious Legal Question.**

Defendant also seeks review of this Court's determination that common questions predominate over individualized issues with regard to suitability, which presents a substantial issue meriting a stay. First, this Court held that the "question of due diligence prior to approval for sale predominates over any questions affecting individual brokers or investors." Dkt. #66 at 11:4-7. In order to answer the question of due diligence prior to approval for the sale, there must be an analysis of the 27 individual NSC brokers who conducted the due diligence prior to the approval of Beamreach. Dkt. #60 at 2.

According to NSC's own policies and FINRA's suitability rule 2111.05, due diligence is

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL - 6
Case No. 2:18-cv-1772-RSM

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

conducted by both NSC firm-wide and its individual brokers. Dkt. #62 ¶5, Ex. D. NSC performs due diligence and makes a firmwide-level suitability determination for each investment to determine whether it is suitable to be sold to any investor before NSC's individual brokers may offer it for sale. *Id*. Then, each broker must make his or her own suitability determination based on his or her own reasonable due diligence. *Id.; see also* Dkt. #62 Ex. H, at 15:21-16:11. As such, no securities are actually sold to customers based solely on the firm-level due diligence. Dkt. #62 ¶5, Ex. D. Accordingly, to adjudicate this matter as a class, there would need to be an analysis of what each of the 27 individual NSC brokers who sold to different investors did for the due diligence and how they made their suitability determinations about Beamreach.

Second, this Court determined "[i]f NSC violated its FINRA obligations at the outset and is found to be negligent, liability will likely apply regardless of the different risk tolerances of class members." Dkt. #66 at 11:8-9. But all that Plaintiffs' evidence here showed was that Beamreach was a high-risk investment (as disclosed to Plaintiffs), not that it was unsuitable for even a single investor. *See* Dkt. #61 Ex. A, at 6 ("Higher risk securities are offered and sold daily with higher risk premiums"). If the investment was suitable for even one class member, then there can be no liability in this case. Accordingly, each class member's risk tolerance must be analyzed.

Further, "if the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate." *Zinser*, 253 F.3d at 1189. NSC has asserted assumption of risk and comparative fault defenses. Dkt. #31 ¶¶5, 6. These are highly individualized defenses that will depend on what each investor knew, what they were told by their broker, what independent research they had done, what they individually knew about Beamreach or the solar market, their risk tolerance, their investing history, and whether they appreciated the risks of investing in Beamreach, among other factors.

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL - 7
Case No. 2:18-cv-1772-RSM

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

As such, Defendant argues that this Court erred when it found the predominance requirement satisfied and seeks review of this Court's determination that common questions predominate over individualized issues with regard to suitability, which represents a substantial issue meriting a stay.

### B. Defendant Will Be Irreparably Injured Absent A Stay

If this Court denies the stay, Defendant will likely have to provide class-related discovery to Plaintiffs, coordinate with Plaintiffs on a notice plan, prepare dispositive motions, witnesses, jury instructions, trial exhibits, and perform legal analysis on the certified class's claims and damages. The significant expenses, time, and resources entailed in this process may be entirely mooted if the Ninth Circuit reverses class certification. It makes no sense to proceed with the claims of hundreds of class members until the Petition to the Ninth Circuit (and any appeal) are resolved.

### C. A Stay Will Not Substantially Injure Plaintiffs

A stay of this litigation will not injure Plaintiffs. Plaintiffs will not incur additional litigation costs pending resolution of Defendant's Petition. Additionally, a stay will prevent Plaintiffs from incurring unnecessary and expensive notice and discovery costs if the Petition to the Ninth Circuit is granted and the class certification is reversed.

### D. Public Interest Favors A Stay

A stay would further public interest because it would promote judicial efficiency and economy. If the Ninth Circuit reverses the class certification, Defendant and Plaintiffs would have to start over with discovery and will have spent unnecessary, time, resources, and money. It does not make sense for the parties to spend time and resources resolving issues relating to this large class of plaintiffs only to find out later that there are only four plaintiffs instead of hundreds of

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL - 8
Case No. 2:18-cv-1772-RSM

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

class members. *See Hooper*, U.S. Dist. LEXIS 209353, at *4 (finding the "stay promotes the 'orderly course of justice' and judicial efficiency as the parties will not have to engage in discovery efforts which may later have to be recalibrated, nor will the Court and the parties have to duplicate their efforts if the Ninth Circuit allows Plaintiffs to proceed as a class.").

### IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant this motion and stay all proceedings in this matter until Defendant's Petition for permission to appeal pursuant to Rule 23(f) has been finally resolved, or, if granted, until Defendant's appeal has concluded.

Dated:  May 13, 2021

Respectfully submitted,

s/ *James R. Morrison*
Douglas W. Greene, WSBA #22844
James R. Morrison, WSBA #43043
999 Third Avenue, Suite 3900
Seattle, Washington 98104
Tel: (206) 332-1380
Fax: (206) 624-7317
Email: dgreene@bakerlaw.com
Email: jmorrison@bakerlaw.com

Daniel J. Buzzetta (*pro hac vice*)
45 Rockefeller Plaza
New York, NY 10111
Tel: (212) 589-4236
Fax: (212) 589-4201
Email: dbuzzetta@bakerlaw.com

*Attorneys for Defendant National Securities Corporation*

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL - 9
Case No. 2:18-cv-1772-RSM

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, I served the foregoing DEFENDANT NATIONAL SECURITIES MOTION TO STAY PROCEEDINGS PENDING APPEAL, via email per the parties' agreement, on the following:

David P. Neuman, WSBA #48176
Israels Neuman PLC
10900 NE 8th Street, Suite 100
PMB #155
Bellevue, Washington 98004
Tel: (206) 795-5798
Email: dave@israelsneuman.com

Alexander N. Loftus
Joseph Wojciechowski
Stoltmann Law Offices
233 S. Wacker, 84th Floor
Chicago, IL 60606
Tel: (312) 332-4200
Email: alex@stoltlaw.com
joe@stoltlaw.com

Joshua B. Kons, Esq.
Law Offices of Joshua B. Kons, LLC
939 West North Avenue, Suite 750
Chicago, IL 60642
Tel: (312) 757-2272
joshuakons@konslaw.com

*Attorneys for Plaintiffs*

            *s/ James R. Morrison*
            James R. Morrison

---

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING APPEAL - 10
Case No. 2:18-cv-1772-RSM

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380