THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES GINZKEY, RICHARD
FITZGERALD, CHARLES CERF, BARRY
DONNER, and on behalf of the class members
described below,

        Plaintiffs,

    v.

NATIONAL SECURITIES CORPORATION,
a Washington Corporation,

        Defendant.

Case No.: 2:18-cv-01773-RSM

**DECLARATION OF JAMES R.
MORRISON IN SUPPORT OF
DEFENDANT NATIONAL
SECURITIES CORPORATION'S
MOTION FOR SUMMARY
JUDGMENT**

ORAL ARGUMENT REQUESTED

I, James R. Morrison, am older than 21 years of age, have personal knowledge of the facts, and am competent to testify thereto.

1.    I am an attorney representing defendant National Securities Corporation ("NSC") in this matter.

2.    Attached hereto as Exhibit 1 is a true and correct copy of excerpts from Plaintiffs' October 22, 2021 Request for Admissions to NSC.

3.    Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' counsel's March 20, 2020 letter to FINRA counsel.

MORRISON DECLARATION ISO DEFENDANT
NATIONAL SECURITIES CORPORATION'S MOTION
FOR SUMMARY JUDGMENT
(Case No.: 2:18-CV-1773)

-1-

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone:  (206) 332-1380

1      4.      Attached hereto as Exhibit 3 is a true and correct copy of FINRA counsel's March

2  18, 2020 letter to Plaintiffs' counsel.

4      I declare under penalty of perjury that the foregoing is true and correct.

5      Executed this 23rd day of December, 2021 in Issaquah, Washington.

7                      *s/ James R. Morrison*
                       James R. Morrison

MORRISON DECLARATION ISO DEFENDANT     -2-     BAKER & HOSTETLER LLP
NATIONAL SECURITIES CORPORATION'S MOTION     999 Third Avenue, Suite 3900
FOR SUMMARY JUDGMENT     Seattle, WA 98104-4040
(Case No.: 2:18-CV-1773)     Telephone:  (206) 332-1380

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on December 23, 2021, I electronically filed the foregoing

3  DECLARATION OF JAMES R. MORRISON IN SUPPORT OF DEFENDANT NATIONAL

4  SECURITIES CORPORATION'S MOTION FOR SUMMARY JUDGMENT with the Clerk of

5  the Court using the CM/ECF system, which will send notification of such filing to the following:

6
David P. Neuman, WSBA #48176
7  Israels Neuman PLC
10900 NE 8th Street, Suite 100
8  PMB #155
Bellevue, Washington 98004
9  Tel: (206) 795-5798
Email: dave@israelsneuman.com
10

11  Alexander N. Loftus, *pro hac vice*
Joseph Wojciechowski, *pro hac vice*
12  Sara Hanley, *pro hac vice*
Stoltmann Law Offices
13  233 S. Wacker, 84th Floor
Chicago, IL 60606
14  Tel: (312) 332-4200
Email: alex@stoltlaw.com
15  joe@stoltlaw.com
sara@stoltlaw.com
16

17  Joshua B. Kons, *pro hac vice*
Law Offices of Joshua B. Kons, LLC
18  92 Hopmeadow St., Lower Level
Weatogue, Connecticut 06089
19  Tel: (860) 920-5181
Email: joshuakons@konslaw.com
20

21  *Attorneys for Plaintiffs*

22

23                                    s/ Laetitia Knox
Laetitia Knox
24                                    Legal Assistant

25

26

27

MORRISON DECLARATION ISO DEFENDANT          -3-          BAKER & HOSTETLER LLP
NATIONAL SECURITIES CORPORATION'S MOTION                 999 Third Avenue, Suite 3900
FOR SUMMARY JUDGMENT                                     Seattle, WA 98104-4040
(Case No.: 2:18-CV-1773)                                 Telephone: (206) 332-1380

# EXHIBIT 1

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**

National Securities was at all times relevant registered as a broker-dealer with the Financial Industry Regulatory Authority ("FINRA").

**REQUEST NO. 2**

At all relevant times, NSC was required to follow FINRA rules and regulations.

**REQUEST NO. 3**

NSC can be subject to discipline by FINRA for failure to follow FINRA rules and regulations.

**REQUEST NO. 4**

FINRA Rules impose certain duties on NSC.

**REQUEST NO. 5**

NSC owed a duty to the Plaintiffs and the Class to follow FINRA rules.

**REQUEST NO. 6**

NSC has internal Written Supervisory Procedures that it is required to follow.

**REQUEST NO. 7**

NSC has internal Written Supervisory Procedures that incorporate FINRA rules and regulations.

**REQUEST NO. 8**

NSC's employees and agents must also adhere to its internal Written Supervisory Procedures that it is required to follow.

Plaintiffs' First Set of Requests for Admissions
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 N. Clark Street, Ste. 1600
Chicago, Illinois 60601
312-332-4200

**REQUEST NO. 9**

NSC owed a duty to the Plaintiffs and the Class to follow its internal Written Supervisory Procedures.

**REQUEST NO. 10**

NSC's employees can be subject to discipline by NSC for failure to follow its internal Written Supervisory Procedures.

**REQUEST NO. 11**

NSC was required to perform reasonable due diligence on the Beamreach Securities pursuant to FINRA Rule 2111.05(a), FINRA Regulatory Notice 10-22, NASD Notice to Members 03-71, and NASD Notice to Members 05-26.

**REQUEST NO. 12**

In connection with recommendation of the Beamreach Securities to the Plaintiffs and the Class, NSC was required to adhere to FINRA Rule 2111.

**REQUEST NO. 13**

NSC owed a duty to the Plaintiffs and the Class to make suitable investment recommendations consistent with FINRA Rule 2111.

**REQUEST NO. 14**

At all relevant times, NSC could not knowingly make unsuitable investment recommendations to the Plaintiffs and the Class.

**REQUEST NO. 15**

Admit that at no time did the Plaintiffs or the Class relieve NSC from its duty to make suitable investment recommendations to them.

4

Plaintiffs' First Set of Requests for Admissions
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 N. Clark Street, Ste. 1600
Chicago, Illinois 60601
312-332-4200

**REQUEST NO. 16**

Admit that B. Reilly Financial is liable for any jury verdict or judgment issued in this case.

**REQUEST NO. 17**

FINRA Rule 2111 is composed of three main obligations: reasonable-basis suitability, customer-specific suitability, and quantitative suitability.

**REQUEST NO. 18**

NSC was required by FINRA Rule 2111 to have a reasonable basis to believe, based on reasonable diligence, that the recommendation to purchase the Beamreach Securities is suitable for at least some investors.

**REQUEST NO. 19**

NSC owed a duty to the Plaintiffs and the Class ensure that the Beamreach Securities were suitable for at least some investors.

**REQUEST NO. 20**

FINRA Rule 2111 required that NSC's reasonable diligence must provide NSC with an understanding of the potential risks and rewards associated with the recommendation to purchase the Beamreach Securities.

**REQUEST NO. 21**

NSC owed a duty to the Plaintiffs and the Class to understand the potential risks and rewards associated with a recommendation to purchase the Beamreach Securities.

**REQUEST NO. 22**

Under FINRA Rule 2111, the lack of an understanding of the potential risks and rewards associated with the Beamreach Securities would violate the suitability rule.

Plaintiffs' First Set of Requests for Admissions
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 N. Clark Street, Ste. 1600
Chicago, Illinois 60601
312-332-4200

**REQUEST NO. 23**

Admit that NSC's internal Written Supervisory Procedures required approval of the Beamreach Securities by NSC's commitment committee before any NSC employee or agent could sell the Beamreach Securities.

**REQUEST NO. 24**

Admit that NSC owed the Plaintiffs and the Class a duty to conduct due diligence on the Beamreach Securities prior to approval of the Beamreach Securities for sale by NSC's commitment committee.

**REQUEST NO. 25**

Admit that at no time did the Plaintiffs or the Class relieve NSC from its duty to conduct proper due diligence on investments that it recommended.

**REQUEST NO. 26**

Admit that the Plaintiffs and the Class could not have purchased the Beamreach Securities through NSC but for the approval of the Beamreach Securities for sale by NSC's commitment committee.

**REQUEST NO. 27**

Admit that NSC failed to understand the potential risks and rewards of the Beamreach Securities.

**REQUEST NO. 28**

Admit that the Beamreach Securities were not suitable for any investor.

**REQUEST NO. 29**

NSC should not have approved for sale the securities offered by Beamreach in the Series D round.

Plaintiffs' First Set of Requests for Admissions
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 N. Clark Street, Ste. 1600
Chicago, Illinois 60601
312-332-4200

**REQUEST NO. 30**

NSC should not have approved for sale the securities offered by Beamreach in the Series D-1 round.

**REQUEST NO. 31**

NSC should not have approved for sale the securities offered by Beamreach in the Series D-2 round.

**REQUEST NO. 32**

The Series D round of securities offered by Beamreach was not suitable for any investor.

**REQUEST NO. 33**

The Series D-1 round of securities offered by Beamreach was not suitable for any investor.

**REQUEST NO. 34**

The Series D-2 round of securities offered by Beamreach was not suitable for any investor.

**REQUEST NO. 35**

The role NSC as both placement agent and exclusive sales agent for Beamreach created a conflict of interest for NSC.

**REQUEST NO. 36**

NSC did not get an independent valuation of Beamreach's intellectual property portfolio.

**REQUEST NO. 37**

NSC did not have a formal valuation of Beamreach's intellectual property portfolio.

7

Plaintiffs' First Set of Requests for Admissions
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 N. Clark Street, Ste. 1600
Chicago, Illinois 60601
312-332-4200

1

2

3
### REQUEST NO. 38

4
NSC did not conduct an analysis on the liquidation value of Beamreach.

5
### REQUEST NO. 39

6
NSC knew that Beamreach had no manufacturing facility in Malaysia.

7
### REQUEST NO. 40

8
Admit that between the time period January 1, 2009 through December 31, 2017, NSC

9

10
did not serve as a placement agent of securities exempt from registration under Regulation D

for any other solar company besides Beamreach.
11

12
### REQUEST NO. 41

13
Admit that NSC knew that the Milpitas facility that Beamreach operated was only a

14
pilot manufacturing facility not meant for high volume production.

15
### REQUEST NO. 42

16
NSC knew that Beamreach's memoranda of understanding (MOUs) that it had

17
executed with customers were not binding.
18

19
### REQUEST NO. 43

20
Admit that NSC never received a fourth written report from Dr. Thomas Surek on or

21
after February 1, 2015.

22
### REQUEST NO. 44

23
Admit that NSC recommended the Beamreach Securities to the Plaintiffs and the

24
Class.
25

26

27

28
8

Plaintiffs' First Set of Requests for Admissions
Case No. 2:18-cv-1773

**REQUEST NO. 45**

Admit that the Plaintiffs and the Class suffered a complete loss on their investment in Beamreach following Beamreach's no asset Chapter 7 bankruptcy discharge.

**REQUEST NO. 46**

Admit that the Plaintiffs and the Class did not receive any distributions or dividends from Beamreach at any time.

**REQUEST NO. 47**

Admit that NSC was investigated by FINRA regarding Beamreach and the Beamreach Securities.

**REQUEST NO. 48**

Admit that FINRA Letter of Acceptance, Waiver and Consent No. 2017053208002 is related in part to Beamreach.

**REQUEST NO. 49**

Admit that NSC was fined by FINRA for its failure to establish, maintain, and enforce its internal Written Supervisory Procedures in connection with the Beamreach Securities.

**REQUEST NO. 50**

Admit that NSC earned commission revenue from selling the Beamreach Securities to the Plaintiffs and the Class.

**REQUEST NO. 51**

Admit that NSC has not repaid any commission revenue it earned from selling the Beamreach Securities to the Plaintiffs and the Class.

Plaintiffs' First Set of Requests for Admissions
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 N. Clark Street, Ste. 1600
Chicago, Illinois 60601
312-332-4200

1

**REQUEST NO. 52**

2

Admit that the Plaintiffs and the Class did not consent to relieve NSC of the duties it

3

owed them under to FINRA rules.

4

5

**REQUEST NO. 53**

6

Admit that the Plaintiffs and the Class did not consent to relieve NSC of the duties it

7

owed them under NSC's internal Written Supervisory Procedures.

8

**REQUEST NO. 54**

9

Admit that the Plaintiffs and the Class did not consent to relieve NSC of its duty to

10

only make suitable investment recommendations to the Plaintiffs and the Class.

11

12

**REQUEST NO. 55**

13

Admit that the Plaintiffs and the Class did knowingly and voluntarily choose to

14

encounter the risk of NSC's own negligence in connection with the Beamreach Securities that

15

were recommended to them by NSC.

16

**REQUEST NO. 56**

17

Admit that the Plaintiffs and the Class did knowingly and voluntarily choose to

18

encounter the risk of NSC's failure to adhere to FINRA rules.

19

20

**REQUEST NO. 57**

21

Admit that the Plaintiffs and the Class did knowingly and voluntarily choose to

22

encounter the risk of NSC's failure to adhere to its own internal Written Supervisory

23

Procedures.

24

25

26

27

28

10

STOLTMANN LAW OFFICES, P.C.
161 N. Clark Street, Ste. 1600
Chicago, Illinois 60601
312-332-4200

**REQUEST NO. 58**

Admit that the Plaintiffs and the Class did knowingly and voluntarily choose to encounter the risk of NSC's own negligence in connection with the due diligence on Beamreach.

**REQUEST NO. 59**

Admit that the Plaintiffs and the Class did knowingly and voluntarily choose to encounter the risk of NSC's own negligence in connection with the approval of the Beamreach Securities.

**REQUEST NO. 60**

Admit that the Plaintiffs and the Class did knowingly and voluntarily choose to encounter the risk that NSC lacked an understanding of the risks and rewards of the Beamreach Securities.

**REQUEST NO. 61**

Admit that the Plaintiffs and the Class did not assume the risk of NSC's failure to adhere to FINRA rules.

**REQUEST NO. 62**

Admit that the Plaintiffs and the Class did not assume the risk of NSC's failure to conduct proper due diligence on Beamreach in connection with the Beamreach Securities offerings.

**REQUEST NO. 63**

Admit that the Plaintiffs and the Class did not assume the risk of NSC's failure to adhere to its own internal Written Supervisory Procedures.

11

Plaintiffs' First Set of Requests for Admissions
Case No. 2:18-cv-1773

1

2      **REQUEST NO. 64**

3      Admit that the Plaintiffs and the Class did not assume the risk of NSC making

4

5 unsuitable investment recommendations.

6      **REQUEST NO. 65**

7      Admit that the Plaintiffs and the Class did not assume the risk that NSC lacked an

8 understanding of the risks and rewards of the Beamreach Securities.

9      **REQUEST NO. 66**

10      Admit that the Plaintiffs and the Class did not assume the risk that the Beamreach

11

12 Securities were not suitable for any investor.

13      DATED this 22st day of October 2021.

14                                        Respectfully submitted,
                                          **JAMES GINZKEY, RICHARD**
15                                        **FITZGERALD, CHARLES CERF, BARRY**
                                          **DONNER**,
16                                        Plaintiffs

17                                        By: /s/ *Joseph Wojciechowski*
18                                              One of Their Attorneys

19 Joseph Wojciechowski, Esq. *Pro Hac Vice*
   Sara Hanley, Esq. *Pro Hac Vice*
20 *Pro Hac Vice*
   STOLTMANN LAW OFFICES, P.C.
21 161 N. Clark St., 16th Floor
   Chicago, Illinois 60601
22 PH: (312) 332-4200
   joe@stoltlaw.com
23 sara@stoltlaw.com

24 Joshua B. Kons, Esq.
25 LAW OFFICES OF JOSHUA B. KONS, LLC
   *Pro Hac Vice*
26 92 Hopmeadow St., Lower Level
   Weatogue, Connecticut 06089
27 PH: (860) 920-5181

28
                                        12
   Plaintiffs' First Set of Requests for Admissions       STOLTMANN LAW OFFICES, P.C.
   Case No. 2:18-cv-1773                                      161 N. Clark Street, Ste. 1600
                                                                 Chicago, Illinois 60601
                                                                    312-332-4200

EXHIBIT 2

LAW OFFICES OF

# JOSHUA B. KONS

A LIMITED LIABILITY COMPANY

92 HOPMEADOW STREET • LOWER LEVEL
WEATOGUE, CT 06089

JOSHUA B. KONS, ESQ.                                         ADMITTED IN CA, CT, IL, AND WI

T: (860) 920-5181
E: JOSHUAKONS@KONSLAW.COM

March 20, 2020

**VIA EMAIL**

FINRA Office of General Counsel
ATTN: Sara Jeffries
1735 K Street, NW
Washington, DC 20006

RE:   *James Ginzkey et al. v. National Securities Corporation*
      *Case No. 2:18-cv-1773-RSM (Western District of Washington)*

Dear Ms. Jeffries,

I am in receipt of your March 18, 2020 correspondence regarding the
Plaintiffs' subpoena that was served on FINRA on March 4, 2020. I attach a copy of
the proof of service for your reference. Please let this correspondence serve as the
Plaintiffs' "meet and confer" prior to engaging in discovery motion practice. FINRA's
objections are unfounded, and will lead to discovery motion practice if FINRA does
not promptly comply.

As you are aware, this is not a FINRA arbitration proceeding but a
nationwide class action lawsuit venued in Seattle, Washington. The documents
sought narrowly relate to FINRA's investigation of National Securities Corporation
("NSC") for its sale of Beamreach Solar, Inc. securities to the Plaintiffs and
members of the putative class.

Instead of agreeing to produce the responsive documents in a timely manner,
you cite to case law regarding a fleeting reference to an "investigatory file privilege"
that is not binding in the 9th Circuit, and conflates FINRA's role as a private, self-
regulatory organization with that of a governmental entity.

FINRA claims that this subpoena "imposes a burden on FINRA that is not
proportional to the needs of the case where it seeks documents that can and should
be obtained from National Securities Corporation". To the contrary, the narrow
scope of the subpoena is indeed proportional to the needs of the case as the
documents sought deal with the sale of Beamreach securities to retail investors by

LAW OFFICES OF JOSHUA B. KONS
March 20, 2020
Page 2

NSC – which is at the heart of the litigation at issue. Further, if NSC was cooperative in discovery and produced all responsive documents, the Plaintiffs would not have to resort to pursuing responsive documents from third-parties like FINRA. Unfortunately, to date NSC has failed to voluntarily produce the universe of responsive documents sought in the subpoena.

The Plaintiffs reject FINRA's offer to make a limited production of correspondence and publicly available CRD Snapshot reports. By intentionally withholding "attachments or enclosures NSC created or maintained and provided to FINRA during its investigations", FINRA is not only depriving the Plaintiffs of documents that they are entitled to, but also acting completely contrary to its slogan – "Investor Protection. Market integrity."

Finally, the Plaintiffs are aware that these documents are available in electronic format, and there is no need to redact PCI from any records as there is a protective order already in place in the litigation. In other words, a delay of 75 days to produce documents is unreasonable given the circumstances.

Please provide assurances that FINRA will comply with this subpoena in full by March 27, 2020, and the Plaintiffs will work with FINRA to come up with a reasonable timeframe for making such production.

I look forward to hearing from you.

Best regards,

Joshua B. Kons
Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**Plaintiff / Petitioner:**
JAMES GINZKEY, et al.
**Defendant / Respondent:**
NATIONAL SECURITIES CORPORATION

**Case No:**
2:18-cv-1773
**DECLARATION OF SERVICE**

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on Wed, Mar 04 2020 at 01:35 PM, at the address of 300 DESCHUTES WAY SW SUITE 208, within TUMWATER, WA, the undersigned duly served the following document(s): SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION in the above entitled action upon FINANCIAL INDUSTRY REGULATORY AUTHORITY c/o CORPORATION SERVICE COMPANY, by then and there personally delivering 1 true and correct copy(ies) of the above documents into the hands of and leaving same with JUANITA HUEY, CUSTOMER SERVICE ASSOCIATE SOP.

**I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:**

**Date:** 03/04/2020
**Fees:** $65.00
**Job:** 4360187 (FIRA)

Andrew Webster
Quick Service dba Puget Sound Process
PO BOX 3310
RENTON, WA 98056
253-226-0185

# EXHIBIT 3



Sara Jeffries
Senior Paralegal | Office of General Counsel
Phone: 202.728.8245
sara.jeffries@finra.org

March 18, 2020

**<u>Via Email</u>**

Joshua B. Kons, Esq.
Law Offices of Joshua B. Kons, LLC
600 Hart Road
Suite 115
Barrington, IL 60010

Re:     ***James Ginzkey, et al. v. National Securities Corporation***
         <u>U.S. District Court, Western District of Washington, Case No.: 2:18-cv-1773</u>

Dear Mr. Kons:

I am writing in response to the third-party subpoena served on FINRA in the above-referenced arbitration case (the "Subpoena"). FINRA submits this letter to identify its objections to the Subpoena.

FINRA objects to the Subpoena because it does not provide sufficient time for compliance. Given the number of subpoenas received by FINRA and the challenges of working remotely during the global pandemic, FINRA will require a minimum of 60 days to identify, review, and process documents for production, and longer if redactions are required.

FINRA also objects to the Subpoena to the extent that it purports to impose obligations that are greater than, more burdensome than, or in contradiction to those imposed by the Federal Rules of Civil Procedure.

FINRA further objects to the Subpoena because it seeks documents from pending investigations. FINRA objects to producing documents from ongoing and open investigations because they are protected by the investigative file privilege (discussed below).  Disclosure of documents from an open investigation would impair FINRA's ability to prosecute its own case, frustrate FINRA's mission of regulating the securities markets under federal law, and impose an unjustified burden on FINRA, a not-for-profit securities self-regulatory organization.

FINRA also objects to the Subpoena because it imposes an undue burden on FINRA, a non-party, for a number of reasons. First, to the extent the Subpoena calls for the production of personal and confidential information ("PCI") contained in the requested documents, FINRA will need to review for and redact PCI belonging to non-claimant individuals prior to production. PCI maintained in FINRA records may include, but is not limited to, customer names, customer account documents, customer account numbers, social security numbers, dates of birth, residential addresses, phone numbers, and medical information.

Investor protection. Market integrity.                    1735 K Street, NW        t  202 728 8000
                                                          Washington, DC          www.finra.org
                                                          20006-1506

Joshua B. Kons, Esq.
March 18, 2020
Page 2 of 4

Second, the Subpoena imposes a burden on FINRA that is not proportional to the needs in this case where it seeks documents that can and should be obtained from National Security Corporation ("NSC"), a party to this proceeding, as part of discovery. Specifically, NSC is the best source of communications with and documents sent to FINRA as part of any investigation of its activities.  Moreover, to the extent there have been arbitration cases filed in FINRA's arbitration forum against NSC related to the subject matter of this litigation, NSC would be the best source of documents from those proceedings. To the extent NSC may no longer have copies of the documents, as a party to the FINRA arbitration proceeding, it may request from the Director of Dispute Resolution copies of all non-privileged documents from the proceeding in which it participated.

Third, the Subpoena is overly broad because in many requests it seeks **all** documents, information, or communications related to a subject matter.  The Subpoena requests are not limited by time and may call for documents that are not relevant to the issues being litigated in this proceeding. As the primary examining authority for the over-the-counter securities industry in the United States, FINRA's regulatory duties include imposing and enforcing binding rules on FINRA's members.  FINRA conducts routine examinations and other investigations to ensure member conduct complies with FINRA's rules and securities laws.  FINRA investigations often cast a wider net than the more limited issues litigated in civil disputes.

FINRA further objects to the Subpoena to the extent it calls for the production of staff work product and internal documents that may exist in the requested file because those documents are protected by the investigative file privilege, which is discussed below.

FINRA also objects to the Subpoena to the extent it calls for documents that are protected by the attorney-client privilege or attorney work product doctrine.

Finally, FINRA objects to the Subpoena to the extent it may call for the production of information protected by the Bank Secrecy Act or other laws. FINRA is prohibited from disclosing such information pursuant to the Bank Secrecy Act (BSA) and its implementing regulations (the "BSA"). See 31 C.F.R. 1023.320(e)(3).

<u>Exam Reports and Investigative Files</u>

FINRA objects to testimony and production of documents relating to analyses, opinions or evaluations prepared by FINRA employees, customer complaints, and documents reflecting District Committee or Board of Governors considerations and deliberations, which are protected by the investigatory file privilege. The investigatory file privilege was specifically intended to apply to actions to enforce the securities laws. H. Rep. No. 1497 at 11, 89th Cong., 2d Sess. (1966).  The purpose of the investigatory file privilege, also known as the law enforcement privilege, is to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference with an investigation." *In Re Dept. of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988). The investigatory file privilege has long been recognized with regard to the Securities and Exchange Commission files.

Joshua B. Kons, Esq.
March 18, 2020
Page 3 of 4

In *Ross v. Bolton*, 106 F.R.D. 22 (S.D.N.Y. 1985), the protection against disclosure of investigatory records was extended to NASD (now known as FINRA) investigatory records:

> There is strong public interest in maintaining the integrity of effective industry self-regulation. This interest would clearly be undermined by making NASD files fair game for any of the thousands of private securities fraud litigants across the country who wish to shortcut their own discovery efforts and instead to reap the benefits of the Association's ongoing, statutorily governed work. 15 U.S.C. §§ 78o 3, 78s. The public interest in maintaining certain functions and relationships has been a primary factor in limiting discovery absent a formal privilege.

*See also*, *Fiero Brothers v. Mishkin*, No. 95-08203 JLG, 1999 WL 1747410 (S.D.N.Y. Dec. 8, 1999) ("The "investigatory privilege" is a qualified common law privilege protecting civil as well as criminal law-enforcement investigatory files from civil discovery. . . . The privilege has been extended to quasi-governmental or non-governmental entities, like NASD [now known as FINRA], entrusted with the enforcement of rules of conduct and procedure promulgated by self-regulating industries.").

FINRA is the primary examining authority for the over-the-counter securities industry in the United States and in that capacity conducts investigations of FINRA member firms regarding their financial condition and compliance with securities laws and regulations. FINRA does not have the authority to issue administrative or judicial subpoenas to aid FINRA in obtaining information for its investigations. As a result, FINRA's investigative efforts are largely dependent upon information that is supplied voluntarily by customers, member firms and others. FINRA's quasi-public role has been acknowledged by the courts. *See, e.g., Partnership Exchange Securities Company v. NASD, Inc.*, 169 F.3d 606 (9th Cir. 1999); *Austin Municipal Securities, Inc. et al. v. NASD et al.*, 757 F.2d 676 (5th Cir. 1985); and *First Jersey Securities, Inc. et al. v. Bergen*, 605 F.2d 690 (3d Cir. 1979), *cert. denied*, 444 U.S. 1074 (1980).

\*        \*        \*

Subject to these objections, FINRA intends to produce responsive, non-privileged documents. FINRA will also produce the CRD Snapshot Report of Stuart Updegrove (CRD No. 2273334). Consistent with FINRA's objections and to alleviate the burden imposed upon FINRA to respond to the Subpoena, FINRA will produce copies of substantive communications with NSC that are maintained in FINRA's investigative files regarding FINRA document requests. FINRA will not produce attachments or enclosures NSC created or maintained and provided to FINRA during its investigation(s). FINRA also intends to withhold non-substantive communications (e.g., email regarding scheduling calls or meetings; out of office email responses) from its production.

FINRA will review for and redact PCI from any records it produces. FINRA expects it will require a minimum of 75 days to review potentially responsive documents and to prepare them for production in response to the Subpoena.

Joshua B. Kons, Esq.
March 18, 2020
Page 4 of 4


      FINRA makes the above objections based solely on its current knowledge, understanding, and belief as to the facts available to it as of the date the above objections are made. FINRA reserves the right at any time to supplement, revise, correct, add to, or clarify its responses and objections.

      If you have any questions, please feel free to contact me.

Sincerely,

*Sara Jeffries*

Sara Jeffries


cc:    Joseph Wojciechowski, Esq.
       David Neuman, Esq.
       Elizabeth Fellmeth, Esq.
       Douglas Greene, Esq.