THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES GINZKEY, RICHARD FITZGERALD, CHARLES CERF, BARRY DONNER, and on behalf of the class members described below,

Plaintiffs,

v.

NATIONAL SECURITIES CORPORATION, a Washington Corporation,

Defendant.

Case No.: 2:18-cv-01773-RSM

**DEFENDANT NATIONAL SECURITIES CORPORATION'S MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE MASON ALAN DINEHART III'S PROPOSED EXPERT OPINIONS**

NOTED ON MOTION CALENDAR: MARCH 4, 2022

ORAL ARGUMENT REQUESTED

Defendant National Securities Corporation ("NSC") respectfully moves for leave to file its motion to exclude Mason Alan Dinehart III's proposed expert opinions, which motion and supporting declaration have already been prepared and are attached to the Declaration of James R. Morrison as **Exhibits A** and **B**.

Trial in this matter is currently scheduled to begin on May 9, 2022, approximately three months from last Thursday's dispositive motion deadline (February 10, 2022). Over the course of January and February 2022, three out of the four Washington attorneys on NSC's outside legal team have been severely hampered by coronavirus, experiencing symptoms including high fever, cold chills, cough, shortness of breath, and debilitating fatigue (lasting for weeks in the case of

DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE PROPOSED EXPERT OPINIONS - 1 - CASE NO. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

one attorney who has also been the primary drafter of legal briefs).[1] *See* Declaration of James R. Morrison ("Morrison Decl."), ¶ 2. Multiple attorneys experienced significant brain fog and unrelenting tiredness throughout January and into early February 2022. *Id*. Constantly feeling the need to rest, they were physically limited in the amount of time that they could actually work. *Id.*

NSC has nonetheless made diligent efforts to comply with each deadline set forth in the Court's Order Setting Trial Date and Related Dates ("Scheduling Order"). *Id*., ¶ 4; *see* Dkt. 76. Given the coronavirus issues persisting among its legal team, NSC filed a stipulated motion with Plaintiffs to extend the dispositive motion deadline by two days, from February 8, 2022 to February 10, 2022. Morrison Decl., ¶ 5; Dkt. 95. The Court granted the parties' stipulated motion. *Id*. at ¶ 6. NSC filed its pending merits-based motion for summary judgment and supporting papers on February 10, 2022, just seven days ago (Dkts. 96-98). Morrison Decl., ¶ 7.

One deadline not reflected in the Scheduling Order is the deadline to file a motion to exclude expert testimony. *Id*. ¶ 9; Dkt. 76. But Local Rule 16(b)(4) states: "Unless otherwise ordered by the court, parties shall file any motion to exclude expert testimony for failure to satisfy *Daubert v. Merrell Dow Pharmaceuticals, Inc*. and its progeny not later than the deadline to file dispositive motions."

Due to the persistent coronavirus issues among NSC's outside counsel and the staggering amount of work generated in this matter between early January 2022 and now—including but not limited to three (3) expert depositions; mediation briefing and mediation; legal motion for summary judgment briefing; and merits-based motion for summary judgment briefing)—NSC's

---

[1] As for the fourth Washington attorney on NSC's outside legal team, the senior partner on this matter, his wife came down with coronavirus on February 5, 2022 (shortly before dispositive motions were coming due). As a result, he isolated in Canada from February 7 to February 15, 2022. Morrison Decl., ¶ 3.

DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION TO EXCLUDE PROPOSED
EXPERT OPINIONS - 2 -
CASE NO. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

attorneys admittedly overlooked LCR 16(b)(4) and for that they sincerely apologize to the Court.[2] Morrison Decl., ¶ 10.

After filing its merits-based motion for summary judgment and obtaining *some* Covid health relief, however, NSC immediately and diligently (in less than a week) prepared a complete motion to exclude proposed expert opinions. *Id.*, ¶ 11, **Exhibit A**. On February 17, 2022, counsel for the parties met and conferred telephonically in an effort to reach a stipulation regarding the filing of NSC's motion. *See* Morrison Decl., ¶ 13. Plaintiffs refused to stipulate to the delayed filing of NSC's motion, necessitating the filing of this motion. *Id.*

A motion for leave typically involves evaluating whether prejudice would result to any party or the court. *See, e.g., Passlogix, Inc. v. 2FA Tech*., LC, 708 F.Supp. 2d 378, 407 (S.D.N.Y. 2010); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (taking into account "bad faith," "undue delay," and "prejudice to the opposing party"). Here, trial is currently scheduled for May 9, 2021, approximately three months away. NSC has a December 23, 2021 legal motion for summary judgment pending and has just filed a February 10, 2022 merits-based motion for summary judgment. Filing a motion to exclude proposed expert opinions *just seven days* after the February 10, 2022 dispositive motion deadline, and approximately *three months ahead of trial*, would not prejudice Plaintiffs or the Court. No other deadline would be affected—the trial date and all other deadlines will remain intact. And given the strong grounds for excluding Mason Alan Dinehart III's proposed expert opinions in this matter (*see* **Exhibit A**), NSC would be extremely prejudiced if this motion for leave were denied.

In light of the extenuating circumstances, the absence of bad faith or undue delay, and with no cognizable prejudice to Plaintiffs or the Court if this motion for leave is granted—yet extreme prejudice to NSC if this motion for leave were denied—NSC respectfully moves the Court to grant this motion for leave and allow NSC to file its already-prepared motion to exclude

---

[2] NSC nevertheless did not have sufficient time to prepare its motion to exclude expert testimony by the continued dispositive motion deadline, given the significant delays caused by coronavirus among its outside counsel.

DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE PROPOSED EXPERT OPINIONS - 3 - CASE NO. 2:18-CV-1773

Mason Alan Dinehart III's proposed expert opinions. NSC again sincerely apologies for any inconvenience caused by this situation.

DATED this 17th day of February 2022.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*s/ Curt Roy Hineline*
Curt Roy Hineline, WSBA #16317
James R. Morrison, WSBA #43043
Alexander Vitruk, WSBA #57337
Logan F. Peppin, WSBA #55704
999 Third Avenue, Suite 3900
Seattle, Washington 98104
Tel: (206) 332-1380
Fax: (206) 624-7317
Email: chineline@bakerlaw.com
Email: jmorrison@bakerlaw.com
Email: avitruk@bakerlaw.com
Email: lpeppin@bakerlaw.com

Daniel J. Buzzetta (*pro hac vice*)
45 Rockefeller Plaza
New York, NY 10111
Tel: (212) 589-4236
Fax: (212) 589-4201
Email: dbuzzetta@bakerlaw.com

*Attorney for Defendant*
*National Securities Corporation*

DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION TO EXCLUDE PROPOSED
EXPERT OPINIONS - 4 -
CASE NO. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David P. Neuman, WSBA #48176
Israels Neuman PLC
506 Second Avenue, Suite 1400
Seattle, WA  98104
Tel: (206) 795-5798
Email: dave@israelsneuman.com

Alexander N. Loftus, *pro hac vice*
Joseph Wojciechowski, *pro hac vice*
Sara Hanley, *pro hac vice*
Stoltmann Law Offices
233 S. Wacker, 84th Floor
Chicago, IL  60606
Tel: (312) 332-4200
Email: alex@stoltlaw.com
joe@stoltlaw.com
sara@stoltlaw.com

Joshua B. Kons, *pro hac vice*
Law Offices of Joshua B. Kons, LLC
92 Hopmeadow St., Lower Level
Weatogue, Connecticut  06089
Tel: (860) 920-5181
Email: joshuakons@konslaw.com

*s/ DeAnne Adams*
DeAnne Adams
Legal Assistant

DEFENDANT'S MOTION FOR LEAVE TO
FILE MOTION TO EXCLUDE PROPOSED
EXPERT OPINIONS - 5 -
CASE NO. 2:18-CV-1773

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone:  (206) 332-1380