UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES GINZKEY, RICHARD FITZGERALD, CHARLES CERF, BARRY DONNER, and on behalf of the class members described below,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITIES CORPORATION, a Washington Corporation,<br><br>Defendant. | Case No. C18-1773RSM<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE *DAUBERT* MOTION |

This matter comes before the Court on Defendant NSC's Motion for Leave to File Motion to Exclude. Dkt. #99. NSC seeks to file a motion to exclude Plaintiff's expert witness's opinions after the deadline set in Local Rule 16(b)(4): "[u]nless otherwise ordered by the court, parties shall file any motion to exclude expert testimony for failure to satisfy *Daubert v. Merrell Dow Pharmaceuticals, Inc*. and its progeny not later than the deadline to file dispositive motions." NSC filed this seven days after the deadline to file dispositive motions. NSC states that its attorneys simply "overlooked LCR 16(b)(4)" due in part to the flurry of

ORDER GRANTING MOTION FOR LEAVE TO FILE DAUBERT MOTION - 1

recent activity in this case and illness from COVID-19. *See* Dkt. #99 at 2–3. NSC attaches its proposed motion. Trial is set to begin on May 9, 2022.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson*, 975 F.2d at 607. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Although the Court's Scheduling Order is silent on the *Daubert* motion deadline, the Court finds that NSC must still establish good cause to modify this deadline set by local rule. The Court has reviewed the declarations of counsel and finds that NSC has been diligent in preparing for this case and that the extenuating circumstances of COVID-19 infections have established good cause for modifying the scheduling order as requested. The prejudice to Plaintiffs is minimal given the amount of time before trial.

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Defendant NSC's Motion for Leave to File Motion to

ORDER GRANTING MOTION FOR LEAVE TO FILE DAUBERT MOTION - 2

Exclude, Dkt. #99, is GRANTED. NSC shall immediately file its proposed Motion on the docket and note it for consideration on March 25, 2022.

DATED this 10th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR LEAVE TO FILE DAUBERT MOTION - 3