THE HONORABLE RICARDO S. MARTINEZ

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JAMES GINZKEY, RICHARD FITZGERALD, CHARLES CERF, BARRY DONNER, and on behalf of the class members described below, | Case No.: 2:18-cv-1773-RSM |
| *Plaintiffs*, | **PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | **NOTE ON MOTION CALENDAR: SEPTEMBER 12, 2022** |
| NATIONAL SECURITIES CORPORATION, a Washington Corporation | **ORAL ARGUMENT REQUESTED** |
| *Defendant*. | |

<u>**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**</u>

MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND RELIEF REQUESTED……………………………………..1

II. PRELIMINARY APPROVAL OF THE SETTLEMENT AND
THE NOTICE PROGRAM……………………………………...……………………2

III. ARGUMENT…………………………………………………………………2

A. Final Approval is Warranted Because the Settlement is Fair, Reasonable,
and Adequate……………………………………………………..……..……..……2

    1) Application of the Ninth Circuit Factors Favors Approval
    of the Settlement……………………………………….……..…...….…….4

    a. Strength of Plaintiffs' Case, and the Risk, Expense, Complexity, and
    Likely Duration of Further Litigation……………………………………...…..4

    b. Risk of Maintaining Class Action Status Throughout Trial…………………..5

    c. Amount Offered in Settlement……………………….………………....…5

    d. Experience and Views of Counsel……………………………………..……6

    e. The Reaction of the Class Members to the Proposed Settlement………..……6

    f. Presence of Government Participant…………………………...……………..7

    2) Financial Approval of the Settlement is Also Supported by Application
    of the Four Factors Set Forth in Rule 23(e)(2)………………………………………7

    a. Lead Plaintiffs and Lead Counsel Have Adequately Represented
    the Plaintiffs and the Class……………………………………………………..7

    b. The Proposed Settlement was Negotiated at Arm's Length….………………..8

    c. The Relief For the Class is Excellent…………………………...……………8

    d. The Proposed Settlement Treats Class Members Equitably………...…………9

B. The Plan of Allocation for the Settlement Fund Warrants Approval
Because it is Fair, Reasonable, and Adequate……………………………...……….....10

IV. CONCLUSION…………………….………………………….…………..10

1

MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT
Case No. 2:18-cv-1773

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                    **Page(s)**

3

*Bayat v. Bank of the W.*, 2015 U.S. Dist. LEXIS 50416
4   (N.D. Cal. Apr. 15, 2015)…………………………………………...……..…….……5

5   *Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992)…………………………….10

6   *Clemans v. New Werner Co.*, 2013 U.S. Dist. LEXIS 167454
7   (W.D. Wash. Nov. 22, 2013)……………………………………………..…………….6

8   *Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998)…………….…….…………3

9   *In re Aqua Metals, Inc. Sec. Litig.*, 2022 U.S. Dist. LEXIS 36944
10  (N.D. Cal. Mar. 2, 2022)…………..……………………………………….…………5

11  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)……………..……3

12  *In re Extreme Networks, Inc. Sec. Litig.*, 2019 U.S. Dist. LEXIS 121886
13  (N.D. Cal. July 22, 2019)………………………………………………..…………….9

14  *In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008)…………………………..…….2

15  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007)…………………...8

16  *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993 (N.D. Cal. 2015)………...5

17  *Kautsman v. Carrington Mortg. Servs. LLC*, 2020 U.S. Dist. LEXIS 226279
18  (W.D. Wash. June 2, 2020)…………………………..……………………….………4

19  *Kim v. Allison*, 8 F.4th 1170 (9th Cir. 2021)……………………………………….....6

20  *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537 (W.D. Wash. 2009)……………………….7

21  *Rajagopalan v. Fid. & Deposit Co. of Md.*, 2017 U.S. Dist. LEXIS 167290
22  (W.D. Wash. Oct. 10, 2017)…………………………………………….…………….10

23  *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, 2016 U.S. Dist. LEXIS 70858
24  (W.D. Wash. May 31, 2016)…………………………..……………………….2, 3, 6

25  *Rivas v. BG Retail, LLC*, 2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020)……………4

26  *Stanton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003)……………………………..…….4

27  *Zuern v. IDS Prop. Cas. Ins. Co.,* 2021 U.S. Dist. LEXIS 35730

28

2

MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

(W.D. Wash. February 25, 2021)……………………………………..……………………….8

**Rules and Statutes**

Fed. R. Civ. P. 23(e)(2)……………………………………………………...……...……......3

3

MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION AND RELIEF REQUESTED

On November 3, 2022, at 11:00 a.m., or as soon as counsel may be heard before the Honorable Ricardo S. Martinez, Plaintiffs respectfully request that the Court enters the Order and Final Judgment: (a) finally approving the proposed Settlement of $4,650,000 plus two years of commission free brokerage services valued at $5,894,010, as fair, reasonable, and adequate to the Class; and (b) approving the proposed Plan of Allocation as fair, reasonable, and adequate.

The Settlement was reached after significant briefing, years of discovery, and a multi-month arm's length negotiation facilitated by two mediations. The settlement was reached only six weeks from the scheduled trial and while two critical motions remained pending before the Court. Plaintiffs and the Class faced significant risks in moving forward with litigation, making this Settlement a great outcome especially when measured against the alleged damages, because just the cash portion of the Settlement represents approximately a 10% recovery for Beamreach Series D preferred stock investors and approximately 40% recovery for Series D-1 Preferred Stock and D-2 promissory note investors. This greatly exceeds median recoveries typically achieved in securities class actions which, in 2021, have been reported as being 1.8% of potential damages.[1] If the class members take advantage of the two years of commission-free brokerage services, the value of which is estimated to be $5,894,010, then this Settlement only gets better for the Class. Therefore, as set forth below, the Settlement is fair, reasonable, and adequate, warranting final approval by this Court.

---

[1] Janeen McIntosh and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2021 Full-Year Review*, 1, 24 (NERA Jan. 25, 2022) is attached as Exhibit 1 to the Declaration of Joseph Wojciechowski ("Woj Decl.") in Support of Lead Plaintiffs' Motion for Attorneys' Fees, Expenses and Service Awards.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

## II.    PRELIMINARY APPROVAL OF THE SETTLEMENT AND THE NOTICE PROGRAM

On June 3, 2022, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement and Request for Fairness Hearing. (Dkt. #124). On June 7, 2022, the Court entered the Preliminary Approval Order preliminarily approving the Settlement, as well as approving the form and methods of class notice, and setting a final approval hearing for November 3, 2022. (Dkt. #125). Pursuant to the Preliminary Approval Order, the Claims Administrator, American Legal Claim Services, LLC mailed postcard Notice by the Notice Date to all class members. Further, American Legal Claim Services, posted the long form notice on the settlement website at www.beamreachclassaction.com. As set forth in the Declaration of Snedhal Indra, the Notice program was very successful with no objections filed and no requests for exclusion made. (Indra Dec. ¶ 11).

## III.    ARGUMENT

### A.    <u>Final Approval is Warranted Because the Settlement is Fair, Reasonable, and Adequate.</u>

This Court previously found that the proposed Settlement satisfied the standard for preliminary approval, and Plaintiffs now respectfully submit that this Settlement also satisfies the standard for final approval. The Ninth Circuit has repeatedly reiterated the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). Federal Rule of Civil Procedure 23(e) requires court approval of any settlement and the process involves three stages: 1) seeking preliminary approval of the proposed settlement; 2) providing notice to the class describing the settlement; and 3) a court hearing to determine whether final approval of the settlement is appropriate. *Rinky Dink, Inc. v. Elec. Merch. Sys.,* 2016 U.S. Dist. LEXIS

PLAINTIFFS' MOTION FOR FINAL APPROVAL
Case No. 2:18-cv-1773

2

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

72915*4 (W.D. Wash. April 19, 2016). Here, Plaintiffs have satisfied the first two stages and are now seeking this Court's final approval of the Settlement. Final approval requires determination of whether the settlement is "fair, reasonable, and adequate." Rule 23(e)(2); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998); *Rinky Dink Inc.,* 2016 U.S. Dist. LEXIS 72915*4.

In order to determine whether a settlement is fair, reasonable, and adequate, courts in the Ninth Circuit generally weigh the following eight factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the reaction of the class members of the proposed settlement; and (8) the presence of a governmental participant. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011) (citing *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). However, district courts have discretion on which factors to apply and how to apply them. *See Bluetooth Headset Prods. Liab.*, 654 F.3d at 946 ("The factors in a court's fairness assessment will naturally vary from case to case").

Moreover, the 2018 amendments to Rule 23(e)(2) set forth four additional factors to consider in determining whether a settlement is fair, reasonable, and adequate. These four factors overlap with the Ninth Circuit factors set forth above, as well as with the factors discussed in the Motion for Preliminary Approval of Settlement. (Dkt. #124). The factors outlined in Rule 23(e)(2) are as follows: (A) whether the class representative and class counsel have adequately represented the class; (B) whether the proposed settlement was negotiated at arm's length; (C) whether the relief provided for the class is adequate, taking

PLAINTIFFS' MOTION FOR FINAL APPROVAL
Case No. 2:18-cv-1773

3

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) whether the proposed settlement treats class members equitably relative to each other.

1.    **Application of the Ninth Circuit Factors Favors Approval of the Settlement**

a.    <u>**Strength of Plaintiffs' Case, and the Risk, Expense, Complexity, and Likely Duration of Further Litigation**</u>

The first two factors considered by the Ninth Circuit favors final approval of this Settlement. Plaintiffs maintain that their claims are strong and have substantial merit. This Court denied NSC's Rule 12(b)(6) motion to dismiss, certified the class as a Rule 23(b)(3) class action, and denied NSC's law-based summary judgment motion. Legal and factual disputes related to Plaintiffs' negligence claims and Defendant's defenses, would be resolved at trial.

However, NSC's merits-based summary judgment motion remained pending, as was its motion to strike Plaintiffs' expert witness under *Daubert v. Merrill Dow*. Furthermore, Defendant sought an interlocutory appeal of the decision denying its law-based motion for summary judgment, which if granted, would add another layer of uncertainty and substantial time to the litigation. Although Plaintiffs are confident they would prevail on these motions, there was substantial risk to the class in proceeding.

All parties recognize the substantial risk and expense during any jury trial, and recognize the potential for a lengthy appeals process if a judgment was rendered in against the Defendant. Defendant also cited that it may become insolvent if a judgment is rendered

PLAINTIFFS' MOTION FOR FINAL APPROVAL
Case No. 2:18-cv-1773

4

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

1  against it.  Therefore, this proposed Settlement "offers class members prompt relief without

2  the expense and hassle of what would be protracted litigation if this case cannot be resolved

3  amicably," so the first two factors support final approval of the Settlement. *In re TracFone*

4  *Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 999 (N.D. Cal. 2015).

5

6              **b.    Risk of Maintaining Class Action Status throughout Trial.**

7          Plaintiffs are confident they could maintain class action status through trial and appeal

8  for all of their claims. Still, it is plausible that individualized issues with respect to assumption

9  of risk could manifest through testimony at trial. As a result of the Settlement, Plaintiffs

10  "avoided the risks inherent in certifying and maintaining class status throughout the

11  litigation." *In re Aqua Metals, Inc. Sec. Litig.*, 2022 U.S. Dist. LEXIS 36944, at *17 (N.D.

12  Cal. Mar. 2, 2022). As such, this factor also supports final approval of the Settlement.

13

14              **c.    Amount Offered in Settlement.**

15          The amount offered in settlement is considered the most important factor, because "the

16  critical component of any settlement is the amount of relief obtained by the class." *Bayat v.*

17  *Bank of the W.*, 2015 U.S. Dist. LEXIS 50416, at *13 (N.D. Cal. Apr. 15, 2015).  Here, NSC

18  has agreed to pay the Class Members $4,650,000 in cash consideration and provide the class

19  with two years of commission-free brokerage services, which alone is valued at $2,947,005

20  per year (for a total of $5,894,010). In total, this settlement provides the Class with

21  $10,544,010 in value. This total settlement value represents a significant percentage of the

22  damages that would be sought at trial. The total amount of claims eligible for class status,

23  meaning those claims that did not seek exclusion or who are not otherwise excluded, totals

24  $31,542,433.

25

26

27

28

PLAINTIFFS' MOTION FOR FINAL APPROVAL
Case No. 2:18-cv-1773                                    5

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

This settlement represents a gross recovery of $2,667,662 to the Series D Sub Class Members, with $26,676,621 in eligible claims, and $1,982,338 to the Series D1/D2 Class members, with $4,865,812 in eligible claims. The rationale for this division amongst the various Class Members is that far more "red flags" were present the longer Defendant recommended and sold Beamreach securities, culminating with the D1/D2 offering (which had the most "red flags"). The cash-only portion of the settlement amounts to about a 10% recovery for the Series D sub-class and about a 40% recovery for the Series D1/D2 subclasses.

A best-case outcome for the Class at trial would have been a jury verdict in the amount of $31,542,433, but Defendants likely inability to pay a judgment of this size weighed heavily on settlement negotiations. This proposed Settlement is substantial and this factor tilts substantially in favor of final approval.

### d.    Experience and Views of Counsel.

All counsel involved in this case have substantial class action experience and very deep backgrounds in securities law and FINRA regulation of broker-dealers. Counsel for both parties attended both mediations and all counsel support this settlement as fair and reasonable. In addition, mediator Stewart Cogan filed a declaration echoing the same. (Dkt. # 122). Class Counsel believe this is an excellent outcome for the Class in light of the significant risks of continued litigation. This factor strongly supports final approval of the Settlement.

### e.    The Reaction of the Class Members to the Proposed Settlement.

All four class representatives support the settlement proposal, and have executed the settlement agreement. To date, there have been no objections to the Settlement and no

PLAINTIFFS' MOTION FOR FINAL APPROVAL
Case No. 2:18-cv-1773

6

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

requests for exclusion. (Indra Dec. ¶ 11) (Woj. Dec. ¶ 35). "A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it." *Clemans v. New Werner Co.*, 2013 U.S. Dist. LEXIS 167454, at *15 (W.D. Wash. Nov. 22, 2013); *See Kim v. Allison*, 8 F.4th 1170, 1177 (9th Cir. 2021) (approving a class action settlement where only six out of the 240,000 class members objected); *Rinky Dink Inc.*, 2016 U.S. Dist. LEXIS 72915, at *8 (approving a class action settlement where none of the class members objected or opted-out of the settlement). Given that there have been no objections and no requests for exclusion to date, this factor also supports granting final approval.

### f.       **Presence of Government Participant.**

Although there are no governmental participants in this Action, the fact that the class settlement notifications were sent to the appropriate federal and state officials pursuant to the Class Action Fairness Act, and none have objected, is further evidence of the Settlement's fairness. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). In sum, the factors utilized by the Ninth Circuit support this Court's final approval of the proposed Settlement.

**2.      Final Approval of the Settlement is Also Supported by Application of the Four Factors Set Forth in Rule 23(e)(2).**

**a.      Lead Plaintiffs and Lead Counsel Have Adequately Represented the Plaintiffs and the Class.**

Lead Plaintiffs and Lead Counsel have more than adequately represented the Plaintiffs and the Class, and have communicated continuously throughout the course of this litigation. (Woj. Dec. ¶ 44). Since before this case was filed, Lead Plaintiffs have assisted Counsel with document collection and sat for numerous interviews and conversations with Counsel about Beamreach/Solexel, and National Securities Corporation. *Id*. The Lead Plaintiffs engaged in

PLAINTIFFS' MOTION FOR FINAL APPROVAL
Case No. 2:18-cv-1773

7

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

discovery throughout, including sitting for depositions. Lead Plaintiffs were engaged and interested in the prosecution of this case through the end of settlement negotiations and mediations, which they were directly involved in. *Id.*

As set forth in the Motion for Attorney's Fees, Lead Counsel invested considerable time and resources in representing Lead Plaintiffs and the Class, which speaks to the adequacy of the representation throughout the litigation. (Dkt. # 126) (Woj Dec. ¶ 38).

### b.    The Proposed Settlement was Negotiated at Arm's Length

As previously discussed in the Motion for Preliminary Approval, this Settlement was the product of arm's length negotiations, which typically take place over an extended period of time with experienced counsel on both sides, each with an understanding of the strengths and weaknesses of their own and the opposing party's positions. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). Both sides were well aware of their respective case's strengths and weaknesses. *See Zuern v. IDS Prop. Cas. Ins. Co.,* 2021 U.S. Dist. LEXIS 35730, *12 (W.D. Wash. February 25, 2021).

The parties engaged Seattle mediator Stew Cogan to assist the parties in reaching a resolution. The initial mediation was held on February 2, 2022 and was not successful, but progress was made. (Dkt. # 93). A second mediation took place on March 8, 2022, which although unsuccessful, represented more progress toward what would ultimately become the parties' proposed settlement upon continuing direct negotiations. (Dkt. # 110). Mr. Cogan's experience mediating class action cases in this District was invaluable to the parties' negotiations in reaching this proposed settlement on an arm's length basis.

### c.    The Relief For the Class is Excellent

After weighing the four factors laid out in Rule 23(e)(2(C), it is clear that the Settlement is an excellent result for the Class. The first factor considers whether the Settlement Amount is fair given the costs, risks, and delay of trial and appeal, which was discussed above, supports final approval. *Supra* § III(A)(1)(a).

The second factor evaluates the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims. Here, the distribution methods and claims processing are simple. No proofs of claim are required, as every class member is entitled to their *pro rata* share of the cash settlement, depending upon which sub-class they are a member of and the amount of their investment in Solexel/Beamreach.

The third factor concerning the proposed terms of attorneys' fees is address in Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards. (Dkt. # 126). Last, the fourth factor requires identification of any agreements in connection with the proposed Settlement under Rule 23(e)(3). Here, the Lead Plaintiffs and Defendant entered into a formal Settlement Agreement which was executed by all parties and submitted with Plaintiffs' Motion for Preliminary Approval. (Dkt. # 124, Ex. B). There are no other operative agreements in connection with this Settlement.

### d.    The Proposed Settlement Treats Class Members Equitably.

The Settlement does not grant improper or preferential treatment to Lead Plaintiffs or other segments of the Class, and treats Class Members equitably relative to each other given the pro rata distribution method by sub-class and investment amount. *Supra* at III(A)(1)(c). Moreover, each Class Member will be entitled to utilize the two years of commission-free

PLAINTIFFS' MOTION FOR FINAL APPROVAL
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

9

1   brokerage services in the same manner. Lead Plaintiffs do seek service awards in the amount

2   of $10,000 each relating to their representation of the Class, but such an award would "not

3   constitute inequitable treatment of class members." *In re Extreme Networks, Inc. Sec. Litig.*,

4   2019 U.S. Dist. LEXIS 121886, at *26 (N.D. Cal. July 22, 2019) (citing *Rodriguez v. W.*

5   *Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009)).

6

7           **B.      The Plan of Allocation for the Settlement Fund Warrants Approval
                      Because it is Fair, Reasonable, and Adequate.**

8

9           Lead Plaintiffs also seek approval for the Plan of Allocation of the Settlement Fund set

10  forth in the Notice. (Dkt. #124, Ex. B.). Just like the standard for approval of a settlement, the

11  standard for the court's approval of a plan of allocation is whether the plan is fair, reasonable,

12  and adequate. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1284-85 (9th Cir. 1992);

13  *Rajagopalan v. Fid. & Deposit Co. of Md.*, 2017 U.S. Dist. LEXIS 167290 *6 (W.D. Wash.

14  Oct. 10, 2017). Under this standard, a plan of allocation is typically reasonable if it reimburses

15  settlement class members based on the extent of their injuries. *See Rajagopalan*, 2017 U.S.

16  Dist. LEXIS 167290, at *6 (approving a plan of allocation where monetary recovery will be

17  provided to settlement class members on a *pro rata* basis).

18

19          Here, just like in *Rajagopalan*, the Plan of Allocation provides that each Class

20  Member will receive a distribution from the net settlement fund on a *pro rata* basis along with

21  two years of commission-free brokerage services from Defendant (or its corporate successor,

22  B. Riley Financial).  Moreover, this proposed Settlement is non-reversionary and any funds

23  that go unclaimed within 485 days of the issuance of the first check will be turned over to the

24  Washington State Department of Revenue's Unclaimed Property Section for disposition in

25  accordance with RCW 63.29.

26

27

28

1

2      This Plan of Allocation is fair, reasonable, and adequate because it all class members

3  participate based on the damages they sustained, and warrants final approval.

4  **IV.    CONCLUSION**

5      For the foregoing reasons, the proposed Settlement warrants this Court's final

6  approval, the Lead Plaintiffs respectfully request that this Court enter the Order and Final

7  Judgment, a draft order is attached hereto as Exhibit 1.

8  Dated:  September 12, 2022

9                                                    Respectfully submitted,

10                                                   **JAMES GINZKEY, RICHARD**
                                                     **FITZGERALD, CHARLES CERF, BARRY**
11                                                   **DONNER**,
                                                     Plaintiffs
12

13                                                   By: /s/ David Neuman
                                                          One of Their Attorneys
14

15  Joseph Wojciechowski, Esq.
    Sara Hanley, Esq.
16  *Pro Hac Vice*
    STOLTMANN LAW OFFICES, P.C.
17  161 N. Clark St., 16th Floor
    Chicago, Illinois 60601
18  PH: (312) 332-4200
    joe@stoltlaw.com
19  sara@stoltlaw.com

20
    Joshua B. Kons, Esq.
21  LAW OFFICES OF JOSHUA B. KONS, LLC
    *Pro Hac Vice*
22  92 Hopmeadow St., Lower Level
    Weatogue, Connecticut 06089
23  PH: (860) 920-5181
    joshuakons@konslaw.com
24

25  Alexander Loftus, Esq., *pro hac vice*
    LOFTUS & EISENBERG. LTD.
26  161 N. Clark Street, Ste. 16th Floor
    Chicago, IL 60601
27

28
    PLAINTIFFS' MOTION FOR FINAL APPROVAL
    Case No. 2:18-cv-1773

PH: (312) 899-6625
Email: alex@loftusandeisenberg.com

David Neuman, Esq. (WSB #48176)
ISRAELS NEUMAN PLC
10900 NE 8th Street, Suite 1000
Bellevue, Washington 98004
dave@israelsneuman.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR FINAL APPROVAL
Case No. 2:18-cv-1773

12

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

1

**CERTIFICATE OF SERVICE**

2

3
     I hereby certify that on this 12th day of September 2022, the foregoing was

4
electronically filed with the Clerk of the United States District Court for the Western District

5
of Washington, Seattle, using the CM/ECF system, which will send notification of such filing

6
to the below counsel:

7
     Danilo (Daniel) Buzzetta

8
     BAKER & HOSTETLER LLP
     45 ROCKFELLER PLAZA

9
     NEW YORK, NY 10111
     dbuzzetta@bakerlaw.com

10

11
     Curt Roy Hineline
     BAKER HOSTETLER LLP (SEA)

12
     999 THIRD AVENUE, SUITE 3900
     SEATTLE, WA 98104

13
     dgreene@bakerlaw.com

14
     James Raymond Morrison

15
     BAKER HOSTETLER LLP (SEA)
     999 THIRD AVENUE, SUITE 3900

16
     SEATTLE, WA 98104
     jmorrison@bakerlaw.com

17
                                 */s/ David Neuman*

18
                                   David Neuman

19

20

21

22

23

24

25

26

27

28

1

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200