THE HONORABLE RICARDO S. MARTINEZ

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JAMES GINZKEY, RICHARD FITZGERALD, CHARLES CERF, BARRY DONNER, and on behalf of the class members described below,<br><br>　　　　*Plaintiffs*,<br><br>　　　　v.<br><br>NATIONAL SECURITIES CORPORATION, a Washington Corporation<br><br>　　　　*Defendant*. | Case No.: 2:18-cv-1773-RSM<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>**NOTE ON MOTION CALENDAR: SEPTEMBER 12, 2022**<br><br>**ORAL ARGUMENT REQUESTED** |

## PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEY'S FEES, EXPENSES, AND SERVICE AWARDS

UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES,
AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I. INTRODUCTION………………………………………….…………………………..1

II. ARGUMENT…………………………………………………………...…….2

A. Counsel is Entitled to an Award of Attorneys' Fees from the
Common Fund Based on the Percentage-of-Recovery Method…………………..…...……2

     i) Counsel's Request for Attorneys' Fees of 40%
     of the Settlement Fund is Reasonable………………………………………...……3

     ii) The Result Achieved by Counsel for the Class is
     Unprecedented and Risks of Ongoing Litigation
     Were Material……………………………………..…………………………..…….6

     iii) The Skill Required and the Quality of Work……………………….………..9

     iv)  The Contingent Nature of the Fee and the Financial Burden……………...…..10

C. A Lodestar Cross-Check Confirms the Reasonableness of the Requested
Attorneys' Fees……………………………………………………………….....11

D. The Requested Expense Award is Reasonable………………………………...…….12

E. Plaintiffs' Requested Service Award is Fair and Reasonable……………….…………13

II. CONCLUSION……………………………………………….………..14

UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES,
AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>                                                                                          <u>**Page(s)**</u>

*A.D. ex rel T-Mobile USA, Inc. Emp. Ben. Plan v. T-Mobile USA, Inc.*,
2017 U.S. Dist. LEXIS 236833 (W.D. Wash. January 5, 2017)…………………………….4

*Alvarez v. Farmers Ins. Exch.*, 2017 U.S. Dist. LEXIS 119128
(N.D. Cal. January 17, 2017)………………………...…………………………………………..5

*Bowles v. Dep't of Ret. Sys.*, 121 Wash.2d 52 (1993)………………………………………..….2

*Carideo v. Dell, Inc.*, 2010 U.S. Dist. LEXIS 158828 (W.D. Wash. December 17, 2010)…..10

*Cicero v. DirectTV., Inc.,* 2010 U.S. Dist. LEXIS 86920 (C.D. Cal. July 27, 2010)……..…3

*Craft v. City of San Bernardino,* 624 F. Supp. 2d 1113 (C.D. Cal. 2008)………..……...5, 12

*Deaver v. Compass Bank*, 2015 U.S. Dist. LEXIS 166484 (N.D. Cal. Dec. 11, 2015)…......11

*Dennings v. Clearwire Corp.*, 2013 U.S. Dist. LEXIS 64021
(W.D. Wash. May 3, 2013)………………………………………………………………….3

*Denton v. Pennymac Loan Servs., LLC*, 252 F. Supp. 3d 504 (E.D. Va. 2017)……..…..…10

*Destefano v. Zynga, Inc.,* 2016 U.S. Dist. LEXIS 17196 (N.D. Cal. February 11, 2016)…...…9

*Dudum v. Carter's Retail, Inc.*, 2016 U.S. Dist. LEXIS 166881
(N.D. Cal. Dec. 2, 2016)………...………………………………………………….……...11

*Ikuseghan v. MultiCare Health Sys.*, 2016 U.S. Dist. LEXIS 109417
(W.D. Wash. Aug. 16, 2016)……………………………………………………………..2, 3, 12

*In re Apple Inc. Device Performance Litig.*, 2021 U.S. Dist. LEXIS 50546
(N.D. Cal. March 17, 2021)……………………………...…………………………….…..10

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)…………...……….2

*In re HP Inkjet Printer Litig.*, 716 F.3d 1173 (9th Cir. 2013)…………………..……….6, 7

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.,*
2017 U.S. Dist. LEXIS 201108 (N.D. Cal. December 6, 2017)……….…………….…..6, 12

*In re Nuvelo Sec. Litig.,* 2011 U.S. Dist. LEXIS 72260 (N.D. Cal. July 6, 2011)………….…4

2

UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES,
AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

*In re Omnivision Techs,* 559 F. Supp. 2d 1036 (N.D. Cal. 2007)……….....…,………..7, 9, 11

*Kautsman v. Carrington Mortg. Servs. LLC*, 2020 U.S. Dist. LEXIS 226279 (W.D. Wash. June 2, 2020)…………………………………………………………4

*McGuire v. Dendreon Corp.*, 2010 U.S. Dist. LEXIS 157932 (W.D. Wash. Dec. 17, 2010)……………………………………...…………………7

*Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322 (W.D. Wash. Jan. 9, 2009)….….....7, 12

*Richardson v. THD At-Home Servs.*, 2016 U.S. Dist. LEXIS 46784 (E.D. Cal. April 5, 2016)…………………………………………………………9

*Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017)……….……..12

*Rinky Dink, Inc. v. World Bus. Lenders, LLC*, 2016 U.S. Dist. LEXIS 70858 (W.D. Wash. May 31, 2016)…………..........………………………….……….11

*Rivas v. BG Retail, LLC*, 2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020)……………4

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990)…...……..3

*Smith v. Questar Capital Corp.*, 2013 U.S. Dist. LEXIS 108703 (Dist. Minn. August 2, 2013)…………………………………………….……………7

*Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734 (9th Cir. 2016)…………….…..………...11

*Stanton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003)………………………………….……..4

*Steiner v. Am. Broadcasting Co.*, 248 Fed. App'x 780 (9th Cir. 2007)………………………12

*Uschold v. NSMG Shared Servs., LLC*, 2020 U.S. Dist. LEXIS 99258 (N.D. Cal. June 5, 2020)……………………………………...……………….……...12

*Van Vraken v. Atl. Richfield Co.*, 901 F. Supp. 294 (S.D. Cal. 1995)………….………….13

*Vizcaino v. Microsoft*, 290 F.3d 1043 (9th Cir. 2002)……………………………2, 3, 12

*Wing v. Asarco*, 114 F.3d 986 (9th Cir. 1997)……………………………...………….9

*Wren v. RGIS Inventory Specialists,* 2011 U.S. Dist. LEXIS 38667 (N.D. Cal. April 1, 2011)…………………………………………………………3

UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

**<u>Rules and Statutes</u>**

Fed. R. Civ. P. 23(h)…………………………………………...…………..…….....2

4

UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES,
AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

## I.     INTRODUCTION

After over three years of litigation that included numerous substantive briefs related to Defendant's attempts to defeat this action, the review of nearly one-million pages of discovery, extensive expert discovery, including initial reports, rebuttal reports, depositions, and briefing on a *Daubert* motion – all over what Defendant characterized as a "new tort" for negligent due diligence which Defendant's claimed "did not exist in the securities arena" – the parties were able to reach a resolution through arm's-length negotiation process that lasted several months and spanned two mediations.

Ultimately, Counsel and Plaintiffs reached a non-reversionary settlement with Defendant in the amount of $4,650,000 ("Settlement Fund") plus two years of commission-free brokerage services offered by Defendant or its successor B. Riley Financial, Inc. ("B. Riley") to any class member, valued at approximately $5,884,010. The parties reached settlement within about six weeks of trial and were awaiting several crucial rulings that could have turned the tide dramatically against the Class Plaintiffs, including a ruling on a merits-based summary judgment motion and Defendant's *Daubert* challenge of Plaintiffs' expert witness's opinions. The timing of the settlement maximized Plaintiffs' leverage, while eliminating the risk of adverse rulings resulting in no recovery to the class, or lengthy appeals that would have added years to this litigation.

This settlement is a testament to Plaintiffs' and Counsel's persistence and dedication to the settlement class, as evidenced by their investment of a substantial amount of resources on a contingency basis, warranting the requested fee award of forty-percent of the cash fund, plus reimbursement of Counsel's litigation expenses in the amount of $86,612.69

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND
SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

(collectively, "Fee and Expense Award").[1] Furthermore, Plaintiffs request that American Legal Claim Services fees for settlement notice and distribution be paid from the cash proceeds in the amount of $13,370.41.  In addition, Plaintiffs seek service awards of $10,000 each for their time and effort in representing the Settlement Class ("Service Awards"). The Service Awards are fair and reasonable, as courts in the Ninth Circuit routinely hold.

As discussed herein, approval of the Attorneys' Fees, Expense, and Service Awards is appropriate because they are fair, reasonable, and in line with other awards approved by courts in the Ninth Circuit.

## II.     ARGUMENT

### A.     Counsel is Entitled to An Award of Attorneys' Fees from the Common Fund Based on the Percentage-of-Recovery Method

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Because Washington law governs the claims in this case, it also governs the award of fees. *Vizcaino v. Microsoft,* 290 F.3d 1043, 1047 (9th Cir. 2002). Under Washington law, the percentage-of-recovery approach is generally used to calculate fees in common fund cases. *Bowles v. Dep't of Ret. Sys.*, 121 Wash.2d 52, 72 (1993).

Washington courts look to federal law for guidance to determine an appropriate fee percentage. *Id.* Further, "[w]here a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *see Ikuseghan v. MultiCare Health Sys.*, 2016 U.S. Dist. LEXIS 109417, at *3 (W.D.

---

[1] Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards, is supported by the accompanying Declarations of Joseph Wojciechowski, Joshua Kons, Alexander Loftus, Sara Hanley, and David Neuman, and exhibits thereto.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

Wash. Aug. 16, 2016). "[C]ourts have discretion to choose which calculation method they use." *Bluetooth* at 942. Courts typically apply the percentage-of-recovery method when awarding attorneys' fees in common fund cases, because the benefit to the class is easily quantifiable. *Id.*; *see also Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). However, courts may still apply the lodestar method to crosscheck the reasonableness of the percentage-based award of attorneys' fees. *Vizcaino* at 1050.

The Ninth Circuit typically weighs five factors in determining what constitutes a reasonable award under the percentage-of-recovery method: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden; and (5) awards made in similar cases. *See Vizcaino* at 1048-50; *Multicare Health Sys.*, 2016 U.S. Dist. LEXIS 109417*4. Here, consideration of these five factors strongly supports the requested fee award of forty percent of the Settlement Fund.

> ### i) Counsel's Request for Attorney's Fees of 40% of the Settlement Fund is Reasonable.

In *Wren v. RGIS Inventory Specialists,* 2011 U.S. Dist. LEXIS 38667 (N.D. Cal. April 1, 2011), the court approved a percentage award to counsel in the amount of 42 percent of the common fund. *Id.* at 79-81. *See also Cicero v. DirectTV., Inc.,* 2010 U.S. Dist. LEXIS 86920*6 (C.D. Cal. July 27, 2010) (holding that "courts usually award attorney's fees in the 30-40% range…"). In *Dennings v. Clearwire Corp.*, 2013 U.S. Dist. LEXIS 64021* 19 (W.D. Wash. May 3, 2013), the Court awarded class counsel a fee that amounted to 35.78% of the common fund. The court looked to "relevant circumstances" to justify deviating from the benchmark. *Id.* One of those "relevant circumstances" identified by the *Dennings* court was the existence of non-quantifiable injunctive relief, which required Clearwire to institute programmatic changes to the benefit of the entire class and the public. *Id.*

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND
SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

Here, Class Counsel negotiated both a cash settlement fund plus the provision of two years of commission-free brokerage services offered by Defendant or its successor with quantifiable value of $5,884,010 should the class members decide to participate and take advantage of that service. This is real value provided to the class and was central to the negotiation between the parties due to the lack of available cash by Defendant to pay a higher cash settlement amount. *See Stanton v. Boeing Co.,* 327 F.3d 938, 945-46 (9th Cir. 2003) where the court stated that non-cash relief is a "relevant circumstance" in determining an appropriate fee percentage.

Further, in *A.D. ex rel T-Mobile USA, Inc. Emp. Ben. Plan v. T-Mobile USA, Inc.*, 2017 U.S. Dist. LEXIS 236833 (W.D. Wash. January 5, 2017) the Court approved a 35% contingent attorney-fee award to class counsel. Again, the court relied on the non-cash component of the settlement, in addition to the cash fund, the fact that no class member objected to the fee request, Class Counsel's efforts, the risk of non-payment, and the complexity of the issues, in determining the 35% award was reasonable. *Id.* at 7.  *See also*, *Kautsman v. Carrington Mortg. Servs. LLC*, 2020 U.S. Dist. LEXIS 226279*6 (W.D. Wash. June 2, 2020), where the court approved a request attorney's fees in the amount of 35% of the common fund.

Moreover, courts in the Ninth Circuit have consistently found higher percentage awards appropriate in cases where the common fund—although sizeable in relation to the settlement class's best possible recovery—is relatively small in absolute terms. *Rivas v. BG Retail, LLC*, 2020 U.S. Dist. LEXIS 8712, at *23 (N.D. Cal. Jan. 16, 2020). Fee percentages above the benchmark are often awarded in smaller value common fund cases, where "case law surveys suggest that 50% is the upper limit, with 30%-50% commonly being awarded."

4

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND
SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

*Id.* (awarding 45% of a $175,000 common fund); *In re Nuvelo Sec. Litig.,* 2011 U.S. Dist. LEXIS 72260*8 (N.D. Cal. July 6, 2011) (finding same "factor supports an upward adjustment of the benchmark" in a securities case); *Craft v. City of San Bernardino,* 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ("Cases of under $10 million will often result in fees above 25%.") In reality, "fee award percentages generally are higher in cases where the common fund is below $10 million." *Alvarez v. Farmers Ins. Exch.*, 2017 U.S. Dist. LEXIS 119128*9-10 (N.D. Cal. January 17, 2017). Case law in the Ninth Circuit – and in this District – indicates the requested fee award of forty percent of the Settlement Fund is fair and reasonable and as such warrants approval by this Court.

Here, the Settlement Fund represents a common fund for customers of National Securities who invested in securities offerings issued by Solexel/Beamreach. The settlement is split into two sub-classes depending on which securities offering an investor invested in (the Series D Round or the Series D-1 Round, or the Series D-2 Note Offering). Furthermore, the Class Plaintiffs are also entitled to receive two-years of commission-free brokerage services from National Securities (or its successor B. Riley). Many of the members of the Settlement Class did transact substantial commission-based business with Defendant and those class members can choose to take advantage of free brokerage services for two years, a considerable value for traders and investors. According to the declaration of Defendant's General Counsel, Fred Knopf, a calculation of the actual commissions paid to Defendant by the Class between February 6, 2015 and February 9, 2017 was $5,894,010. (Dkt. #124-1 ¶ 3). The commission-free brokerage services represents a real, definable, and tangible benefit to the class in terms of its cash value – and not just illusory coupon value that only a fraction of the Class would take advantage of.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND
SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

The settlement does not require any class member to file a proof of claim or otherwise act in order to receive the benefits of this settlement. Further, after certification was granted, only two class members opted-out and thus far, after the settlement notice was delivered, no class member has sought exclusion and there have been no objections filed to date. The class notice process has been very successful with only 2.4% of notice forms being returned as undeliverable. (Indra Decl. ¶ 11).

In the Motion for Preliminary Approval, Plaintiffs' Counsel stated they would seek fees in the amount of 30% of the entire settlement amount, totaling $3,163,203, taking into consideration the estimated value of the two-years of commission-free brokerage services offered to the class. Plaintiffs and Plaintiffs' counsel understand that the previous request represents a percentage of the cash component that is high. Therefore, Plaintiffs and Counsel respectfully request that this Court award Counsel fees in an amount it views to be fair in light of the risk and complexity of this case, but no less than forty percent of the settlement fund in the amount of $1,860,000, reimbursement of expenses in the amount of $86,612.69, payment for the Claims Administration in the amount of $13,370.41, and a per-Plaintiff Service Award of $10,000 each. Notably, Plaintiffs' Counsel included the higher attorney's fees request in the settlement notices, and there were no objections filed and no exclusions received.

  **ii)**  **The Result Achieved by Counsel for the Settlement Class is Unprecedented and Risk of Ongoing Litigation.**

When determining an award of attorney's fees in class action "[t]he most important factor is the results achieved for the class." *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.,* 2017 U.S. Dist. LEXIS 201108*6 (N.D. Cal. December 6, 2017), *aff'd,* 768 F. App'x 651 (9th Cir. 2019). Typically, courts "aim to tether the value of an attorneys' fees award to the value of the class recovery." *In re HP Inkjet Printer Litig.,* 716

6

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

F.3d 1173, 1178 (9th Cir. 2013). In a common fund case in which class counsel seek an award as a percentage of the fund, "this task is fairly effortless. The district court can assess the relative value of the attorneys' fees and the class relief simply by comparing the amount of cash paid to the attorneys with the amount of cash paid to the class. The more valuable the class recovery, the greater the fees award." *Id*. "The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *In re Omnivision Techs,* 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007). The risk that going forward with litigation might result in no recovery for the Settlement Class, particularly where (as here) complex legal issues are contested, also "is a significant factor in the award of fees." *Id*. at 1046-47; *see McGuire v. Dendreon Corp.*, 2010 U.S. Dist. LEXIS 157932, at *7 (W.D. Wash. Dec. 17, 2010). Here, the Settlement Amount is a favorable result for the Settlement Class because, not only is it sizeable, but it was achieved without the delay, expense, and risk of further litigation. *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1328 (W.D. Wash. Jan. 9, 2009).

　　　　The result here is unprecedented. (Loftus Dec. ¶ 7,8; Woj Dec. ¶ 31). In all of American jurisprudence, class counsel can only identify one other case that was similar in most respects to this case. In *Smith v. Questar Capital Corp.*, 2013 U.S. Dist. LEXIS 108703 (Dist. Minn. August 2, 2013), the class plaintiffs brought multiple claims against a FINRA broker/dealer, Questar Capital, in connection with private placements offered to firm clients that were alleged to be a Ponzi scheme. *Id.* The plaintiffs made claims including common law negligence based on the standard of care set forth by FINRA rules and regulatory notices specific to due diligence on private offerings. *Id.* at 35-36. The court dismissed the negligence –based claims stating "[i]n this heavily regulated area of law, the Court finds no basis to

7

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

create a new common law duty" relying on New York case law that has held that securities regulations cannot be used to form the basis of a negligence claim. *Id.* at 36. (internal citation omitted).

Class Counsel was aware of this case when researching the viability of bringing a class action claim based exclusively on the FINRA rules and regulatory notices as evidence of the standard of care for a negligence case. That was a substantial risk and historically, had not been successful. But Counsel believed that a claim appropriately and artfully pleaded and under the right factual circumstances, would be viable as a stand-alone negligence claim. As of the date of this filing, this is the *only* certified class action against a FINRA broker/dealer, based exclusively on negligence-based common law claims involving due diligence, to result in a settlement for class plaintiffs.

Yet here, Defendant has agreed to pay $4,650,000 in cash to the class and to provide two-years of commission-free brokerage services, valued at $5,894,010. Class members, depending upon which investment series they invested in, stand to recover between 10% and 40% of their potential recoverable damages at trial on a gross settlement basis. These percentages are exponentially higher that the 1.8% median recovery in securities class actions. (Woj. Dec. ¶ 30). It is difficult to overstate what a triumph this settlement is for the Settlement Class given that no broker-dealer has ever paid one cent in a class action settlement for common law negligence in connection with due diligence on a private offering. Simply put, the settlement is an outstanding result for the Settlement Class when measured against the risks of further litigation and the historical context of the settlement, warranting approval of Counsel's requested fee award.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND
SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

### iii)     The Skill Required and the Quality of Work

"The prosecution and management of a complex national class action requires unique legal skills and abilities." *Omnivision Techs.*, 559 F. Supp. 2d at 1047; *see also Richardson v. THD At-Home Servs.*, 2016 U.S. Dist. LEXIS 46784*23 (E.D. Cal. April 5, 2016) ("The complexity of issues and skills required may weigh in favor of a departure from the benchmark fee award"). Despite being challenged at every turn by Defendant, Class Counsel successfully parried a Rule 12(b)(6) Motion to Dismiss (Dkt.# 28); successfully briefed an opposed Motion for Class Certification (Dkt. #66); defeated a request by Defendant to appeal the grant of class certification (Dkt #74); and defeated summary judgment on the law (Dkt. # 111). Further, Class Counsel was able to secure over 800,000 pages of documents from Defendant – without discovery motion practice of any sort. Counsel was able to skillfully discuss discovery issues with opposing counsel through a meet and confer process which yielded great results for the Class. It was Class Counsels' experience in dealing with brokerage firms in FINRA Arbitration that allowed for the efficient discovery process in this case, including the use of a subpoena to FINRA, the fruits of which were incredible. Class Counsel knew specifically what documents and information to request and in so doing, conferred a truly experience-based benefit to the class.

"The quality of opposing counsel is also relevant to the quality and skill that class counsel provided." *Destefano v. Zynga, Inc.*, 2016 U.S. Dist. LEXIS 17196*59 (N.D. Cal. February 11, 2016); *Wing v. Asarco*, 114 F.3d 986, 989 (9th Cir. 1997). Class Counsel's ability to obtain a favorable settlement in the face of formidable legal opposition executed by a premier defense firm and attorneys, speaks to the overall quality of Class Counsel's representation and supports the requested fee award. *See In re Apple Inc. Device Performance*

9

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

*Litig.*, 2021 U.S. Dist. LEXIS 50546* 32 (N.D. Cal. March 17, 2021). Here, multiple law firms and attorneys handled the defense, but the lion's share of work and effort was put forth by Baker Hostetler, a national, highly respected law firm and the quality of work submitted befitted that firm's reputation.

### iv)   The Contingent Nature of the Fee and the Financial Burden

Class counsel "undertook this class action on a purely contingent basis, with no assurance of recovering expenses or attorney's fees." *Carideo v. Dell, Inc.*, 2010 U.S. Dist. LEXIS 158828 *7 (W.D. Wash. December 17, 2010). Despite the lack of assurances, Class Counsel litigated this case vigorously at great expense, expending a considerable amount of time and resources. (Woj. Dec. ¶ 38). The risk taken by Class Counsel is multiplied by the fact that Stoltmann Law Offices and the Law Offices of Joshua B. Kons are boutique law firms with a total of four to eight attorneys total between the two firms during the pendency of this case. (Woj. Dec. ¶ 3). Mr. Loftus was an attorney with Stoltmann Law Offices until June 2020 and formed his own boutique law firm at that time, Loftus & Eisenberg. (Loftus Dec. ¶ 4). Class Counsel Joshua B. Kons is a solo practitioner with no support staff.  (Kons Dec. ¶ 2). Mr. Neuman's law firm, Israels and Neuman, is a two-lawyer firm. (Neuman Dec. ¶ 6). Ms. Hanley is of-counsel to Stoltmann Law Offices and the principal of her own firm. (Hanley Dec. ¶ 4). Furthermore, this litigation was self-financed by Class Counsel and no litigation financing was obtained to prosecute this case. Properly litigating this case required devotion of a significant percentage of the firms' respective manpower and resources, and having to forgo other opportunities. *See Denton v. Pennymac Loan Servs., LLC*, 252 F. Supp. 3d 504, 518 (E.D. Va. 2017) (accounting for the fact that counsel "is a small law firm and thus representing a client on a contingent fee…basis necessarily involved loss of other

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND
SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

opportunities."). Indeed, Class Counsel had to forgo other case opportunities to effectively represent the Plaintiffs in this matter – all while bearing the risk of a complete loss due to the contingency nature of the representation.

Further, "[t]he importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee." *Omnivision Techs.*, 559 F. Supp. 2d at 1047; *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) ("This incentive is especially important in securities cases."). Thus, "courts tend to find above-market-value fee awards" in contingency fee cases more appropriate, to encourage counsel to take on such cases for the benefit of plaintiffs who could not afford to pay hourly fees." *Deaver v. Compass Bank*, 2015 U.S. Dist. LEXIS 166484, at *35 (N.D. Cal. Dec. 11, 2015).

Accordingly, "the contingent nature of the case and the financial burden assumed further justify a departure from the benchmark," and support Counsel's fee request of forty percent of the Settlement Amount. *Dudum v. Carter's Retail, Inc.*, 2016 U.S. Dist. LEXIS 166881, at *26-27 (N.D. Cal. Dec. 2, 2016).

**C.    A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fee**

An award above the benchmark is warranted here because Counsel's aggregate lodestar of $1,367,520.50 from expending 2,302.95 hours prosecuting this action results in a multiplier of 1.37. (Woj. Dec. ¶ 38). "This is especially reasonable in light of what courts ordinarily approve." *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, 2016 U.S. Dist. LEXIS 70858, *12 (W.D. Wash. May 31, 2016) (citing 4 NEWBERG ON CLASS ACTIONS § 14.7) ("courts typically approve percentage awards based on lodestar cross-checks of 1.9 to 5.1 or

11

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

even higher . . . "); *Vizcaino*, 290 F.3d at 1051, n.6, (recognizing that multipliers generally range from 1 to 4); *Uschold v. NSMG Shared Servs., LLC*, 2020 U.S. Dist. LEXIS 99258 *16 (N.D. Cal. June 5, 2020) (applying multiplier of 4); *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 999 (N.D. Cal. 2017) (applying multiplier of 2.0). *Steiner v. Am. Broadcasting Co.*, 248 Fed. App'x 780, 783 (9th Cir. 2007) (cross-check multiplier of 6.85); *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 2017 U.S. Dist. LEXIS 201108, at *9 (N.D. Cal. Dec. 6 2018) (collecting cases with multipliers of 3.41-9.3); *Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving cross-check multiplier of 5.2); *Pelletez v. Weyerhaeuser Co.,* 592 F.Supp.2d 1322, 1328 (W.D. Wash. 2009) ("The multiplier of 1.82 is especially reasonable in light of the benefits derived from Class Counsel's efforts."). Based on case law in the Ninth Circuit, the request for attorneys' fees in the amount of 40% of the cash fund is reasonable based on the 1.37 lodestar multiplier.

### D.   The Requested Expense Award is Reasonable

Plaintiffs and Counsel also respectfully request that the Court reimburse Counsel for $86,612.69 in litigation expenses advanced by Counsel in the prosecution of this case. "The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of class settlement." *Multicare Health Sys.,* 2016 U.S. Dist. LEXIS 109417*6. As discussed above, no litigation financing was obtained in this case and these are expenses that Class Counsel advanced out of their own pockets. Here, the requested expenses as set forth in Woj Dec. ¶ 42, were reasonable and necessary to prosecute this litigation and should be awarded.  *Pelletz,* 592 F. Supp. 2d at 1329 (concluding that the requested expenses were reasonable and relevant to the litigation). Plaintiffs and Counsel also request the Court order payment from the Settlement Fund to American Legal Claim Services in the amount of $13,370.41. In their

preliminary approval motion and class notices, Counsel specifically stated they would seek expense reimbursement of up to $120,000. No objections or requests for exclusion were received, and the amount sought is *considerably lower* than what was originally noticed.

**E.     Plaintiffs' Requested Service Award is Fair and Reasonable.**

The Class representatives – James Ginzkey, Barry Donner, Charles Cerf, and Richard Fitzgerald – respectfully request this Court order a service award for their service in this case of $10,000 each. The criteria courts may consider in determining whether to make an incentive award include: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation and; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. *Van Vraken v. Atl. Richfield Co.,* 901 F. Supp. 294, 299-300 (S.D. Cal. 1995). The *Van Vraken* court approved an award of $50,000 and cited to cases in which service awards of over $100,000.00 were made. *Id.* (approving an award of $50,000.00 to a named plaintiff who, like the named plaintiffs in this case, actively participated in litigation that lasted years and did not receive great personal benefits from the common fund).

Over the last three years, the Lead Plaintiffs have actively participated in this case. All four of them have been involved in document collection and produced records in discovery. Each of them sat for depositions and Mr. Ginzkey and Mr. Fitzgerald traveled to Chicago (at their own expense) for their depositions. Although they did not actively participate in the mediation, the Lead Plaintiffs were actively engaged in the settlement process, including providing feedback on the settlement agreement. To put it simply: the Lead Plaintiffs stepped

13
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND
SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

forward and ardently committed themselves to this case and to the broader Class and their willingness to participate, including a willingness to travel to Seattle for trial to testify, had a positive impact on the class. Lastly, in their preliminary approval motion and notices sent to class members, Lead Plaintiffs made known their request for a service award for $10,000 each and no objections or opt-outs have been received by class members.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: 1) Grant Counsel's Request for Fees; 2) Grant Counsel's Request for Expenses; and 3) Grant Lead Plaintiffs' requests for Service Awards in the amount of $10,000 each.

Dated: September 12, 2022

Respectfully submitted,
**JAMES GINZKEY, RICHARD FITZGERALD, CHARLES CERF, BARRY DONNER**,
Plaintiffs

By: /s/ *David Neuman*
One of Their Attorneys

Joseph Wojciechowski, Esq.
Sara Hanley, Esq.
*Pro Hac Vice*
STOLTMANN LAW OFFICES, P.C.
161 N. Clark St., 16th Floor
Chicago, Illinois 60601
PH: (312) 332-4200
joe@stoltlaw.com
sara@stoltlaw.com

Joshua B. Kons, Esq.
LAW OFFICES OF JOSHUA B. KONS, LLC
*Pro Hac Vice*
92 Hopmeadow St., Lower Level
Weatogue, Connecticut 06089
PH: (860) 920-5181
joshuakons@konslaw.com

14

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

1

2  Alexander Loftus, Esq., *pro hac vice*
   LOFTUS & EISENBERG. LTD.
3  161 N. Clark Street, Ste. 16th Floor
   Chicago, IL 60601
4  PH: (312) 899-6625
   Email: alex@loftusandeisenberg.com
5

6  David Neuman, Esq. (WSB #48176)
   ISRAELS NEUMAN PLC
7  10900 NE 8th Street, Suite 1000
   Bellevue, Washington 98004
8  dave@israelsneuman.com

9  *Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND
SERVICE AWARDS
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

I hereby certify that on this 12th day of September, 2022, the foregoing was

electronically filed with the Clerk of the United States District Court for the Western District

4

of Washington, Seattle, using the CM/ECF system, which will send notification of such filing

5

6

to the below counsel:

7

Danilo (Daniel) Buzzetta
BAKER & HOSTETLER LLP

8

45 ROCKFELLER PLAZA
NEW YORK, NY 10111

9

dbuzzetta@bakerlaw.com

10

Curt Roy Hineline

11

BAKER HOSTETLER LLP (SEA)
999 THIRD AVENUE, SUITE 3900

12

SEATTLE, WA 98104
dgreene@bakerlaw.com

13

14

James Raymond Morrison
BAKER HOSTETLER LLP (SEA)

15

999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104

16

jmorrison@bakerlaw.com

17

*/s/ David Neuman*

18

David Neuman

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200