THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES GINZKEY, RICHARD FITZGERALD, CHARLES CERF, BARRY DONNER, and on behalf of the class members described below,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL SECURITIES CORPORATION, a Washington Corporation<br><br>*Defendant*. | Case No.: 2:18-cv-1773<br><br>**DECLARATION OF JOSEPH R. WOJCIECHOWSKI IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, SERVICE AWARDS, AND MOTION FOR FINAL APPROVAL OF SETTLEMENT** |

## DECLARATION OF JOSEPH R. WOJCIECHOWSKI

I, Joseph R. Wojciechowski, declare, in support of Plaintiffs' Motion for Attorney's Fees, Expenses, and Service Awards, and Final Approval of Settlement as follows:

1. I am over the age of 18, have personal knowledge of the facts stated herein, and am competent to testify thereto.

2. I am one of the attorneys representing Plaintiffs James Ginzkey, Richard Fitzgerald, Charles Cerf, Barry Donner, and the Class.

3. I have been licensed to practice law in the State of Illinois since November

1

Declaration of Joseph R. Wojciechowski
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., Ste. 1600
Chicago, Illinois 60601
312-332-4200

2009 and have been the Managing Partner at Stoltmann Law Offices, P.C., since 2018. Before that, I was the primary attorney responsible for the securities arbitration practice at Stoltmann Law Offices from 2013-2017 and was an associate attorney focused exclusively on securities arbitration prior to that. Between 2018 and 2022, Stoltmann Law Offices had between three and six attorneys on staff.

4. I have personal knowledge of the facts set forth herein and if called as a witness, could and would testify competently to these facts under oath.

### Background of the Action

5. In February 2018, a company called Beamreach filed for Chapter 7 Bankruptcy protection. My law firm received a phone call shortly thereafter from an investor who was upset about the bankruptcy and the firm that solicited him to invest in it, National Securities. I then reviewed the bankruptcy docket and checked the SEC website for Form-Ds and discovered that National Securities Corporation was the sole broker/dealer of record on the last few securities offerings for Beamreach. I also noted that a substantial, if not majority, of investors identified in the bankruptcy filing were California residents, so I contacted Joshua Kons, who is licensed in California, to discuss a co-Counsel relationship on any National Securities claims involving Beamreach.

6. As the spring of 2018 wore on, and we began to review documents, it became clear that it was time to try something new in investor-protection law: a putative class action against National Securities focused on the requirements of a FINRA broker/dealer to perform due diligence on Regulation D private offerings prior to approving the securities for sale to their clients, as identified in FINRA Rule 2111.05 and Regulatory Notice 10-22. Our chief concern was that this could be very difficult to certify, if we were able to get beyond the

2

Declaration of Joseph R. Wojciechowski  
Case No. 2:18-cv-1773

Stoltmann Law Offices, P.C.  
161 North Clark St., Ste. 1600  
Chicago, Illinois 60601  
312-332-4200

pleading stage.

7. During the summer and early fall of 2018, we began to understand the scope of the due diligence failures by National Securities, especially as it related to the final note offerings, what is referred to in this case as the Series D-2 offering.

8. On December 10, 2018, Plaintiffs filed this action against National Securities Corp. (Dkt. # 1).

9. On February 28, 2019, Defendant filed a Motion to Dismiss, arguing *inter alia* that Plaintiffs had no viable claims because they affirmed they received various offering documents which disclosed any number of risks involved in investing in the Beamreach preferred stock offerings. (Dkt. # 20).

10. On June 6, 2019, after being fully briefed by the parties, (Dkt. #'s 20, 26, and 27) the Court denied Defendant's motion to dismiss. (Dkt. # 28).

11. The parties then began discovery. Counsel's experience in prosecuting similar claims on an individual basis through arbitration understood quite well that the sheer volume and scope of discovery in this case could be daunting, and Counsel would prove correct. Counsel began crafting discovery requests and had them filed by late July 2019. Initially, Defendant's document production was underwhelming, and Counsel began looking to third parties they could subpoena for discovery, including FINRA.

12. At the same time, Counsel worked with the Plaintiffs to collect documents and prepare them for their depositions. Plaintiffs were very cooperative and helpful throughout the prosecution of this litigation, from start to finish.

13. Beginning in November 2019, Plaintiffs began the "meet and confer" process with Defendant, seeking to avoid motion practice. These efforts yielded results. Eventually,

3

Declaration of Joseph R. Wojciechowski
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., Ste. 1600
Chicago, Illinois 60601
312-332-4200

National would produce over 800,000 pages of records responsive to discovery. Counsel's experience with Defendant directly, and with cases of this nature generally, allowed for an extremely successful discovery process.

14. On March 2 and March 3, 2020, Defendant took the depositions of Plaintiffs Ginzkey and Fitzgerald in Chicago, Illinois. Plaintiffs were very cooperative, traveled to Chicago from Bloomington, Illinois and Omaha, Nebraska respectively for the depositions at their own expense, and participated with Counsel in preparation for their depositions.

15. Then the COVID-19 pandemic hit which slammed the door on the progress the parties were making wrapping up Plaintiff depositions and scheduling the 30(b)(6) deposition of Defendant. But Counsel for Plaintiffs continued to work the case by conferring with FINRA on the status of the organization's response to Plaintiffs' subpoena and continuing document review. Counsel was anxious to move for class certification, but knew it needed the 30(b)(6) deposition of Defendant to do so. During the early stages of the pandemic, the use of Zoom or any other remote method to take depositions was unknown, or at best, untried.

16. Counsel took the 30(b)(6) deposition of Carmelo Troccoli on September 16, 2020, via Zoom. Counsel began to work on the motion for class certification the next day and continued the massive document review project the case had become. Many relevant records required detailed and painstaking examination.

17. On November 3, 2020, Plaintiffs filed their Motion for Class Certification. (Dkt. # 53). Defendants took the deposition of Plaintiffs Donner and Cerf via Zoom on Saturday, November 7.

18. After full briefing (Dkt. #s. 53, 60, and 64), the Court granted Plaintiffs' Motion for Class Certification on April 27, 2021, appointing Plaintiffs as Lead Plaintiffs,

4

Declaration of Joseph R. Wojciechowski
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., Ste. 1600
Chicago, Illinois 60601
312-332-4200

setting the class and sub-class definitions, and appointing Class Counsel. (Dkt. #66).

19. Shortly thereafter, Defendant filed a Rule 23(f) Petition with the Ninth Circuit Court of Appeals, seeking to overturn the Order Granting Class Certification, and also filed a Motion to Stay pending appeal. (Dkt. #s 67 and 68).

20. After being fully briefed, the Ninth Circuit denied Defendant's Petition on July 16, 2021, and this Court denied the motion to stay (Dkt.# 74).

21. Defendant's appeal denied, Plaintiffs proceeded with class notice and expert retention. After notice was sent, only two opt-outs were received. The parties also began discussing the possibility of mediation, continued with document review, and discovery, including initial expert reports, which were filed on November 10, 2021, and rebuttal reports which were filed on December 15, 2021.

22. The parties then scheduled expert depositions, which were taken on January 5, 2022 (Mr. Dinehart – Plaintiffs' expert), January 11, 2022 (Mr. Purcell – Defendant's Expert), and January 21, 2022 (Mr. Fotouhi – Defendant's Expert).

23. On December 23, 2021, Defendant filed a Motion for Summary Judgment on the Law (Dkt. # 83). Simply put, Defendant sought summary judgment primarily on the issue that FINRA Rules cannot form the basis for a tort claim. After the motion was fully briefed (Dkt. #s 83, 88 and 91) the Court denied the motion on March 10, 2022. (Dkt. # 111).

24. On February 2, 2022, the parties held their first mediation with mediator Stew Cogan, via Zoom. In support of their position, Plaintiffs sent Mr. Cogan a detailed brief on the relevant facts and law, which was shared with Defendant, and also sent Mr. Cogan a separate, private, slide presentation. Although a settlement was not reached, some progress was made.

25. On February 10, 2022, Defendant filed a second motion for summary

5

Declaration of Joseph R. Wojciechowski
Case No. 2:18-cv-1773

Stoltmann Law Offices, P.C.
161 North Clark St., Ste. 1600
Chicago, Illinois 60601
312-332-4200

judgment, this time a merits-based motion. (Dkt. # 96). Shortly thereafter, Defendant sought leave to file a Daubert motion challenging Plaintiffs' expert witness. (Dkt. #99).

26. On March 8, 2022, the parties held a second mediation with Mr. Cogan via Zoom. Although not productive, the parties remained in constant contact with Mr. Cogan, especially after Defendant's first motion for summary judgment was denied.

27. The parties fully briefed the second motion for summary judgment (Dkt. #'s 96, 101, and 107) and the request for leave to file a Daubert challenge (Dkt. #'s 99, 104, and 109), and the motion to Exclude Masons Alan Dinehart III's Proposed Expert Opinions. (Dkt. #s 113, 115, and 118).

28. On March 21, 2022, Defendant filed a motion for interlocutory appeal the decision denying the first Motion for Summary Judgment. (Dkt. # 117).

29. On March 30, 2022, the parties filed a stipulated motion to stay all case deadlines and strike trial date, to facilitate settlement. (Dkt. # 119).

**Settlement**

28. While the parties waited for several highly consequential orders on motions, they reached a settlement in principle on March 29, 2022.  On March 30, 2022, the parties filed a joint notice to stay all proceedings, pending settlement, which was granted by the Court. (Dkt. # 120).

29. The agreed-upon settlement has two parts: 1) a non-reversionary cash payment to the Class in the amount of $4,650,000; and 2) two years of commission-free brokerage services provided by Defendant (Dkt. # 124, Ex. B, ¶¶ 1.11, 2.3).

30. Many of the members of this class held substantial accounts and made substantial investments through Defendant for many years. In order to quantify the value of

6

Declaration of Joseph R. Wojciechowski
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., Ste. 1600
Chicago, Illinois 60601
312-332-4200

the commission – free advisory services, Defendant analyzed the total commissions paid by the entire class for a two-year period of time, which came to $5,680,000 (Dkt. 124, Ex. A ¶ 4). Thus, the provision of commission-free brokerage services to the class for two years has substantial monetary value, and not merely a coupon. Compared to the median recovery in securities class actions of 1.8% according to published reports, this settlement is exponentially superior to what would be considered "normal."  (*See* Janeen McIntosh and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2021 Full-Year Review*, 1, 24 (NERA Jan. 25, 2022) attached as Exhibit 1).

31.     Counsel is not aware of a single case nationwide where a FINRA regulated broker/dealer settled a class action case exclusively based on alleged negligent due diligence under FINRA Rules and Regulations. This Settlement is a unique and unprecedented result for the Class.

**Preliminary Approval**

32.     On June 3, 2022, Plaintiffs' moved for Preliminary Approval of their settlement. (Dkt. # 124). In the motion, Counsel made clear their intentions to seek 30% of the *total amount* of the settlement for attorney's fees (including the value of the commission-free advisory services), for a total fee request of $3,163,203.00; for reimbursement of expenses not to exceed $120,000; and to seek service awards in the amount of $10,000 for each Lead Plaintiff.  (Dkt. 124 at 4, Ex. B ¶ 3.2).

33.     On June 10, 2022, the Court Granted the Plaintiffs' Motion for Preliminary Approval, approving the forms and methods of class notice, appointing American Legal Claim Services, LLC as Claims Administrator, and setting a Final Approval Hearing for November 3, 2022 at 9:00 a.m. (Dkt. # 125).

7

Declaration of Joseph R. Wojciechowski
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., Ste. 1600
Chicago, Illinois 60601
312-332-4200

34. In compliance with the preliminary approval order, the Claims Administrator mailed the Notice to all Class Members and published the full class notice and settlement paperwork on the Class website, www.beamreachclassaction.com.

35. The Claims Administrator has mailed out 374 notices, and to date, only 9 were returned as undeliverable (Indra Dec. ¶ 11). As of September 8, 2022, *no class members have objected to the class settlement and no class members have sought to be excluded.* As such, in total, only two class members out of 376 have opted-out of this Class Action.

### Attorneys' Fees and Expenses

36. Counsel's compensation for services and for reimbursement of expenses was entirely contingent on the success of this case. Counsel is seeking forty-percent of the Settlement Fund, or $1,860,000. These attorney's fees have not been paid from any source and have not been the subject of any prior award in any litigation or other proceeding.

37. The amount sought in their Motion for Attorney's Fees, Expenses, and Service Awards, is *materially less than what* was disclosed to the Class through preliminary approval and notice. There, Counsel sought 30% of *all compensation*, amounting to $3,163,203.00. Even though not one class member objected, Counsel has reduced the amount sought by 42%.

38. The chart below reflects the work performed and time spent on this case by all Counsel so involved. In total, the attorney's spent 2,302.95 attorney hours representing a total lodestar of $1,367,520.50.50 from June 2018 to the present day. Attached hereto as Exhibit 2 is an accurate timesheet memorializing the time I spent and the work I performed throughout the court of this case. Each attorney has also filed herewith their own declaration as to their time and hourly rates.

8

Declaration of Joseph R. Wojciechowski
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., Ste. 1600
Chicago, Illinois 60601
312-332-4200

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Joseph Wojciechowski | 1,096 | $600 | $657,768 |
| Joshua Kons | 938.3 | $600 | $562,980 |
| Alexander Loftus | 168.7 | $550 | $92,785 |
| Sara Hanley | 80.25 | $550 | $44,137.5 |
| David Neuman | 19.7 | $500 | $9,850 |
| **TOTAL** | **2,302.95** | **$594.40** | **$1,367,520.50** |

39. The lodestar was calculated based on Counsel's hourly rates that are prevalent in the Seattle-Tacoma area for securities class actions, and was prepared from contemporaneous time records regularly kept and maintained by each attorney. The time reflected was reasonably necessarily expended.

40. These rates are also in line or below hourly rates accepted in the Western District of Washington. *See, e.g., Brown v. Papa Murphy's Holdings, Inc.*, 2022 U.S. Dist. LEXIS 79209*8 (W.D. Wash. May 2, 2022) (awarding $600 an hour); *Brazile v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 29808, at *7-8 (W.D. Wash. Feb. 18, 2022) ("The court notes that fee awards with hourly rates exceeding $1,000 have been approved by courts in this district on numerous occasions"); *Stone v. Gov't Emples. Ins. Co.*, 2017 U.S. Dist. LEXIS 203611, at *3 (W.D. Wash. Dec. 11, 2017) (holding that an award of $1.34 million for an attorney with an hourly rate of $900 is reasonable); and *La Plant v. Berryhill*, 2017 U.S. Dist. LEXIS 29825, at *7 (W.D. Wash. Mar. 2, 2017) (awarding $21,172.65 in fees for the attorneys' time at an hourly rate of $1,323.29).

9

Declaration of Joseph R. Wojciechowski
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., Ste. 1600
Chicago, Illinois 60601
312-332-4200

41. As the billing records make clear, and as evidence further in this Declaration, two attorneys, myself, and Joshua Kons, did the vast majority of the attorney work on this case.

42. Further, Counsel is seeking reimbursement of $86,612.69 in expenses, which is less than what was disclosed in the class notice and preliminary approval motion. Attached hereto as Exhibit 3 is an itemization of expenses in this case incurred by Stoltmann Law Offices. Mr. Kons attests to his expenses in his declaration. (Kons Dec. ¶ 11). The expense ledgers are further supported by documents maintained by our law firms and represent an accurate record of the expenses incurred in connection with prosecuting this case.

43. Accordingly, Counsel incurred a total lodestar of $1,346,615.50, and incurred $86,612.69 in unreimbursed expenses in connection with this case. This fact also warrants approval of the requested Fee and Expense Award.

## Service Awards

44. I communicated regularly via email and telephone with all four Lead Plaintiffs, beginning in the summer of 2018 and throughout the pendency of this case. Lead Plaintiffs were instrumental in the successful prosecution of this claim because of their cooperation. The Lead Plaintiffs provided documents for discovery and sat for depositions. Plaintiffs Ginzkey and Fitzgerald traveled to Chicago at their own expense for their depositions. The Lead Plaintiffs were involved in the mediation and negotiation process, communicating regularly with Counsel.

45. As a result, the requested Service Awards of $10,000 for each Plaintiff is warranted and fair under the circumstances.

I declare under penalty of perjury of the laws of the United States that the forgoing is

10

Declaration of Joseph R. Wojciechowski
Case No. 2:18-cv-1773

Stoltmann Law Offices, P.C.
161 North Clark St., Ste. 1600
Chicago, Illinois 60601
312-332-4200

true and correct to the best of my knowledge, information, and belief.

    Dated: September 12, 2022

                                                By:  /s/Joseph R. Wojciechowski
                                                      Attorney for Plaintiffs

Declaration of Joseph R. Wojciechowski
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., Ste. 1600
Chicago, Illinois 60601
312-332-4200