THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES GINZKEY, RICHARD FITZGERALD, CHARLES CERF, BARRY DONNER, and on behalf of the class members described below,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL SECURITIES CORPORATION, a Washington Corporation<br><br>*Defendant*. | Case: 2:18-cv-01773-RSM<br><br>**DECLARATION OF JOSHUA B. KONS IN SUPPORT OF PLAINTIFFS' MOTION TO APPROVE ATTORNEYS' FEES AND COSTS, AND SERVICE AWARDS** |

I, Joshua B. Kons, declare and state as follows:

1. I am an attorney duly licensed to practice in the States of Connecticut, California, Illinois, and Wisconsin. I am the principal of Law Offices of Joshua B. Kons, LLC. I have been appointed co-lead counsel along with Stoltmann Law Offices, P.C. in this matter. I have personal knowledge of the facts set for in this declaration. I am submitting this declaration in support of Plaintiffs' Motion to Approve Attorneys' Fees and Costs, and Service Awards.

2. I have been a sole practitioner since 2012, and have represented hundreds of individual retail investors in FINRA arbitration proceedings nationwide over the past decade.

1

During the pendency of this litigation, I operated as a sole practitioner with no support staff.

3. Given that my law practice is heavily focused on FINRA arbitration, I consider myself to be a subject matter expert in the area of broker-dealer regulation and arbitration, including matters regarding private placement investments. Prior to becoming a sole practitioner, I also defended various broker-dealers in FINRA arbitration proceedings and am familiar with the inner workings of brokerage firms and their compliance mechanisms.

4. I received my J.D. degree from Pepperdine School of Law in 2006. I was admitted to the state bars of California (2006), Wisconsin (2007), Illinois (2011), and Connecticut (2012). I am admitted to practice before the following district courts: Central, Northern, Southern and Eastern Districts of California; Eastern and Western Districts of Wisconsin; Northern and Southern Districts of Illinois; the District of Connecticut; the District of North Dakota; and the District of Colorado.

5. Attached hereto as <u>Exhibit 1</u> is my firm profile and my biography. Some of my other complex class action matters include the following:

- *Evan Brian Crocker et al. v. Navient Solutions, Inc. et al.*, 15-35586-DRJ, Adv. Pro. No. 16-03175 (Bankr. S.D.T.X) – Currently serve as interim lead counsel of a putative class of borrowers with loans to attend trade schools who received discharges in bankruptcy and allege that Navient wrongfully collected on these loans post-discharge. The Fifth Circuit held that the loans at issues are non-dischargeable, in the first Circuit-level appellate decision to address the applicability of 11 U.S.C. § 523(a)(8)(a)(ii).

- *Tashanna B. Golden fka Tashanna B. Pearson v. National Collegiate Student Loan Trust 2005-3 et al.*, 16-40809-ESS, Adv. Pro. No. 17-1005-ESS (Bankr.

2

E.D.N.Y.) – Currently serve as co-counsel of a putative class of borrowers with private student loans which exceeded the applicable cost of attendance who received discharges in bankruptcy and allege that certain private student loan servicers collected on otherwise discharged loans.

- *Aleem et al v. Pearce & Durick et al.,* 15-cv-00085-PDW-ARS (D.N.D.) – Served as co-counsel on behalf of a class of investors who settled their claims on a class-wide basis against the law firm in Bismarck, North Dakota serving as escrow agent for a $64 million Ponzi scheme.

6. From the inception of this litigation, counsel for Plaintiffs and the Class have aggressively and vigorously prosecuted this case and represented the best interests of Plaintiffs and the Class.

7. As co-lead Class Counsel, I was intimately involved in every aspect of this litigation, from identifying the legal claims of the Plaintiffs and the Class against the Defendants prior to filing suit, researching causes of action and legal theories of recovery, coordinating with the Plaintiffs on the collection of evidence in support of the Class claims, coordinating with co-counsel on the Class claims, drafting and filing the complaint, drafting and editing briefs, reviewing discovery, assembling Class member documents and data, conducting the vast majority of the 30(b)(6) deposition in this matter, and was personally involved in all of the motion and appellate practice..

8. As set forth in <u>Exhibit 2</u>, since 2018, I have personally spent 938.5 hours on this matter include the development, litigation, and resolution of this case. And, as in every case, as co-lead Class counsel, I will spend any necessary additional hours to see this case through to its final resolution, including the work necessary to attend the hearing on final

3

approval and to make sure the settlement achieved is properly carried out.

9. My fee of $600/hour is based on reasonable hourly rates for similarly situated practitioners in the securities litigation practice area. This rate is set based on a variety of factors, including my experience, skill and sophistication required for the types of legal services typically performed, the rates customarily charged in the markets where the legal services are typically performed, and and the experience, reputation and ability of myself as an attorney. This fee also represents fair compensation for the burden a case like this places on a sole practitioner, in terms of risk, work load, and the fact that I had to forgo other case opportunities to focus on this litigation. Moreover, this rate is less than what a typical securities litigation practitioner would charge in the Northeast, which is the princpal location of my practice.

10. In a non-securities matter, in *Evan Brian Crocker et al. v. Navient Solutions, Inc. et al.*, 15-35586-DRJ, Adv. Pro. No. 16-03175 (Bankr. S.D.T.X), my hourly rate of $550 was approved in early 2022. Given the recent inflationary pressures and the complexity of this particular matter (including the fact that the theory of liability that drove the resolution of this matter was unprecedented), a modest $50/hour rate increase since my previous fee approval appears to be reasonable.

11. Through the date of this submission, my firm has incurred reasonably and necessarily incurred $10,699.71 in unreimbursed litigation expenses reasonably related to the prosecution of this case. These expenses are customarily charged to and paid by hourly clients. The following chart, which summarizes my firm's litigation expenses, and is taken from contemporaneous, documented expense records regularly prepared and maintained by my firm in the regular course of business.

| | |
|---|---|
| Deposition of Kamran Fotouhi | $4,530.85 |
| Deposition transcript for Mason Dinehart III | $2,540.15 |
| American Legal Claims Noticing and Class Administration Services | $3,628.71 |
| **Total** | **$10,699.71** |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on this September 12, 2022 at Weatogue, Connecticut.

Dated: September 12, 2022

/s/ Joshua B. Kons
Joshua B. Kons, Esq.