UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES GINZKEY, RICHARD FITZGERALD, CHARLES CERF, BARRY DONNER, and on behalf of the class members described below,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITIES CORPORATION, a Washington Corporation,<br><br>Defendant. | Case No. C18-1773RSM<br><br>ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, and Service Awards, Dkt. #127. The Court heard oral argument on this Motion at the November 3, 2022, Fairness Hearing. For the reasons stated below, the Court GRANTS this Motion.

Plaintiffs seek a total of 40% of the cash fund in attorneys' fees ($1,860,000), $86,612.69 in expenses, and $10,000 for each of the four class representatives, all to come out of the cash fund awarded in this case. Plaintiffs request that American Legal Claim Services fees for settlement notice and distribution be paid from the cash proceeds in the amount of $13,370.41.

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Because Washington law governs the claims in this case, it also

ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS - 1

governs the award of fees. *Vizcaino v. Microsoft*, 290 F.3d 1043, 1047 (9th Cir. 2002). Under Washington law, the percentage-of-recovery approach is generally used to calculate fees in common fund cases. *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72 (1993).

The Ninth Circuit typically weighs five factors in determining what constitutes a reasonable award under the percentage-of-recovery method: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden; and (5) awards made in similar cases. *See Vizcaino* at 1048-50.

The Court agrees with Plaintiffs that, considering these factors, the record, and the arguments at the fairness hearing, the requested fee award of forty percent of the Settlement Fund is reasonable. This was a hard-fought case with no guarantee of success. The result is a good one for these investors considering the outcomes of similar cases. Plaintiffs' attorneys took this case on a contingent basis and fronted the expenses. The Court is also persuaded by the lack of objections from the class, which consists of relatively sophisticated investors.

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, and Service Awards, Dkt. #127, is GRANTED. Plaintiffs' counsel are to be paid 40% of the cash fund in attorneys' fees ($1,860,000), $86,612.69 in expenses, and are to provide $10,000 for each of the four class representatives, all to come out of the cash fund awarded in this case.

DATED this 3rd day of November 2022.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS - 2