THE HONORABLE RICARDO S. MARTINEZ

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES GINZKEY, RICHARD FITZGERALD, CHARLES CERF, BARRY DONNER, and on behalf of the class members described below,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL SECURITIES CORPORATION, a Washington Corporation<br><br>*Defendant*. | Case No.: 2:18-cv-1773-RSM<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

THIS MATTER came before the Court for hearing pursuant to the Preliminary Approval Order dated June 7, 2022, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement of Settlement dated June 2, 2022 (the "Settlement Agreement").

WHEREAS, this Order of Dismissal is "with prejudice";

WHEREAS, due and adequate notice has been given to the Class as required in the Preliminary Approval Order;

WHEREAS, the Court conducted a hearing on November 3, 2022 to consider, among other things: (i) whether the terms and conditions of the Settlement are fair, reasonable, and

---

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

adequate, and should therefore be approved, and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants;

WHEREAS, consistent with the Preliminary Approval Order, all Class Members had the opportunity to exclude themselves from the proposed Class; to object to the proposed Settlement; and to be heard with regard to the proposed Settlement, including by appearing and speaking at the hearing held on November 3, 2022; and

WHEREAS, the Court has considered all papers filed and proceedings held herein and otherwise is fully informed in the premises, and good cause appearing;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment") incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class, and that the Settlement set forth in the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

4. Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice and without costs, the Action and all claims contained

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

therein, and the Released Claims, defined in the Settlement Agreement as any and all claims, demands, and causes of action by Class Members that either were raised in the Complaint or that could have been raised in the Complaint, an individual arbitration, or any other legal proceeding, and that relate in any way to, arise from, or have any connection with the Beamreach Offerings. Notwithstanding the aforementioned, claims relating to the enforcement of the Settlement shall not be released.

5. Upon the Effective Date hereof, and as provided in the Settlement Agreement, without further action by anyone, Plaintiffs and each and every Class Member shall be forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, aiding, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind), any and all of the Released Claims against Defendant and each and all of the Released Parties, except that claims relating to the enforcement of the Settlement shall not be released.

6. The terms of the Settlement Agreement and of this Order and Final Judgment shall be forever binding on Plaintiffs, all other Class Members (regardless of whether or not any individual Class Member obtains a distribution from the Net Settlement Fund), and Defendant, as well as their respective, heirs, executors, administrators, predecessors, successors, and assigns.

7. The Settlement Administrator shall maintain the Settlement Fund in accordance with the requirements set forth in the Settlement Agreement. Defendant and the Released Parties shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

3

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

8. The Notice given to the Class: (a) was implemented in accordance with the Preliminary Approval Order entered on June 7, 2022, (b) was the best notice practicable under the circumstances to all Class Members entitled to notice of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, (c) was reasonably calculated under the circumstances to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the releases contained therein); and (iii) their right to object to any aspect of the proposed Settlement, and/or appear at the Final Approval Hearing, (d) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement, and (e) fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and all other applicable law and rules. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Therefore, it is determined that all Class Members are bound by the Order and Final Judgment herein.

9. Separate orders shall be entered regarding the Class Counsel's motion for attorneys' fees and expenses as allowed by the Court. Any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

10. Neither this Order and Final Judgment, the Settlement Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, proceedings connected thereto, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Action or of the

4

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

validity of any Released Claim, or of any wrongdoing or liability of Defendant or Released Parties; or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of Defendant or Released Parties in any statement, release, or written documents issued, filed, or made; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, wrongdoing, negligence, or omission of any Defendant or Released Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which any Defendant or Released Parties are or become parties; or (d) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs lacked merit or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendant, Released Parties, Plaintiffs, Class Members, and their respective counsel may file the Settlement Agreement and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Settlement Agreement and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Agreement, the Settlement, or the Order and Final Judgment.

11.     Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for

5

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

attorneys' fees and expenses and interest in the Action; and (d) the Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

12. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants as required under the terms of the Settlement Agreement, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

14. Without further approval from the Court, the Parties are hereby authorized to agree and to adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order and Final Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200

15. The Court directs immediate entry of this Order and Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

Dated this 3rd day of November 2022.

*[signature: Barbara J. Rothstein]*

Barbara Jacobs Rothstein
U.S. District Court Judge

7

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Case No. 2:18-cv-1773

STOLTMANN LAW OFFICES, P.C.
161 North Clark St., 16th Floor
Chicago, Illinois 60601
312-332-4200